■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v NORTH QUEENSVIEW HOMES, INC., et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to enforce an order of the State Human Rights Appeal Board dated April 5, 1978, which affirmed an order of the State Division of Human Rights dated September 22, 1976, which, *inter alia,* (1) held that the complainant had been discharged from her employment because she had previously filed a complaint against the respondents; (2) ordered respondents to offer in writing to re-employ complainant in her

former position as bookkeeper-secretary and (3) awarded complainant as compensatory damages a sum of money based on what complainant would have earned as a bookkeeper-secretary with respondents for the period from February 23, 1975 to the date complainant accepted or declined the offer of re-employment, less standard payroll deductions and moneys earned by complainant during said period. Cross application by the respondents to annul the orders. Petition for enforcement denied, cross application granted, the orders of the State Human Rights Appeal Board and the State Division of Human Rights are annulled, on the law, without costs or disbursements, and the matter is remitted to the State division for further proceedings consistent herewith. Respondent North Queensview Homes, Inc., is a co-operative apartment corporation. Complainant was employed as a bookkeeper-secretary by the respondent from February, 1971 until February 22, 1975. On January 16, 1975, complainant filed a complaint with the State Division of Human Rights alleging sex discrimination in her employment. On February 18, 1975 she filed a second complaint with the division, alleging that respondents were altering the conditions of her employment because she had previously filed a complaint with the division. On February 22, 1975, respondents terminated complainant's employment. After a finding of probable cause, a hearing commenced on June 2, 1975. At that hearing complainant testified that in January, 1975, respondent Frances Rooff told her that if she pressed her complaint alleging sex discrimination, the board of directors "would surely fire me". Ms. Rooff denied that, and claimed that she only told complainant that her claim was "nonsense". Respondents also introduced evidence that complainant's performance was unsatisfactory in January and February, 1975. Ms. Rooff testified that complainant sent a check to the employees' pension fund three weeks late, incurring a penalty. The mortgage payment due on January 15, 1975, was late for the first time in over 17 years. Further, complainant accepted a personal check from a new tenant-owner. When that check was returned for insufficient funds, complainant accepted a second personal check from him, which also did not clear, and permitted him to move in. The procedure of the co-operative required payment by certified check. In addition, there was evidence that when tenants informed complainant that they were moving out, she failed to convey that information to the board. There was also testimony at the hearing that complainant kept irregular hours. The division dismissed the complaint alleging sex discrimination, but sustained the complaint charging retaliation. However, although the division could reasonably conclude, based upon complainant's testimony, that a prima facie case of retaliation had been established, the division was required to consider whether there was any substance to respondents' allegations that there were legitimate nonretaliatory grounds for the dismissal (see *Matter of Maloff v City Comm. on Human Rights,* 46 NY2d 908). Complainant admitted to some of the allegations against her. Nevertheless, the division's findings of fact, decision, and order, make no reference to those allegations. We therefore remit this case to the division for consideration of the evidence adduced at the hearing that respondents had legitimate grounds to dismiss the complainant. If the division adheres to its original determination that complainant's dismissal was retaliatory, the hearing should be reopened, in the interests of justice, to adduce additional evidence on the question of compensatory damages (see Executive Law, § 298). Complainant contends that she is entitled to back pay for the period from February 23, 1975 to March 23, 1979 (the date that she declined respondents' offer of re-employment) less what she earned during that period, but does not state the amount she earned during that

period. Indeed, the petition for enforcement of the award of compensatory damages does not even estimate the amount of damages. Respondents state that subsequent to the division's order, they learned that complainant moved to upstate New York, and was unable to accept their offer of re-employment. Further, if, in fact, complainant was unable to find employment in this period which is in excess of four years, there is a serious question as to whether complainant made diligent efforts to mitigate damages. The only evidence in the record that complainant sought to mitigate damages is her testimony on June 2, 1975, that she attempted to find other employment but was unsuccessful because she had no references. Respondents bear the burden of proving that the complainant did not make a diligent effort to mitigate damages (see *Cornell v T. V. Dev. Corp.,* 17 NY2d 69, 74; *Matter of Walter Motor Truck Co. v New York State Human Rights Appeal Bd.,* 72 AD2d 635). However, since there is no information as to complainant's efforts to mitigate damages for the long period between June, 1975 and March, 1979, respondents should be afforded an opportunity to ascertain information from complainant on that question. The division may determine the amount of compensatory damages after: (1) ascertaining the amount earned by complainant in other employment during the period from February 23, 1975 until March 23, 1979; (2) ascertaining whether complainant relocated and would, therefore, have been unable to accept respondents' offer of re-employment; and (3) permitting respondents to examine complainant and introduce evidence on the question of whether complainant made diligent efforts to mitigate damages. Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.