■ In the Matter of E.B. Stimpson Co., Inc., Appellant, v Thomas Jorling, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Commissioner of the New York State Department of Environmental Conservation dated May 28, 1986, which found that the petitioner was not in compliance with the applicable air pollution standards set forth in 6 NYCRR part 228, imposed a penalty, and directed the petitioner to be in compliance by May 10, 1987, and (2) a subsequent determination of the respondent dated May 2, 1988, which found that the petitioner continued to violate 6 NYCRR part 228 subsequent to May 10, 1987, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), entered January 3, 1989, which dismissed the proceeding on the merits.

Ordered that the order and judgment is affirmed, with costs.

The petitioner is a manufacturer of metal fastenings and part of its manufacturing process requires the coating with paint of metal grommets. In December 1985 the respondent charged the petitioner with using paint in its surface coating operation which contained volatile organic compounds in excess of the limitations set forth in 6 NYCRR part 228. The charge was sustained by an Administrative Law Judge after a

hearing. In a determination dated May 28, 1986, the Commissioner adopted the findings of the Administrative Law Judge and assessed a civil penalty of $25,000 against the petitioner. However, $23,000 of that penalty was suspended upon condition that the petitioner comply with the applicable air pollution standards by May 10, 1987.

In October 1986 the petitioner commenced a prior proceeding pursuant to CPLR article 78 to review the determination dated May 28, 1986. That proceeding was transferred to this court by order of the Supreme Court, Suffolk County, dated February 7, 1987. By order dated March 17, 1988, this court granted the respondent's motion to dismiss the proceeding for failure to prosecute and denied the petitioner's cross motion to enlarge its time to perfect the proceeding. By order dated April 27, 1988, the petitioner's motion to vacate the dismissal was denied.

By letter dated May 2, 1988, the petitioner was notified of the respondent's determination, predicated upon the results of an inspection of its facility, that it continued to violate 6 NYCRR part 228 after the May 2, 1987, deadline for compliance and payment of the full $25,000 penalty was demanded. The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review both the Commissioner's determination dated May 28, 1986, and the subsequent determination dated May 2, 1988.

Judicial review of the determination dated May 28, 1986, is barred by the doctrine of res judicata, due to the dismissal of the petitioner's prior proceeding for want of prosecution, which acted as an adjudication on the merits of all issues that "could have been litigated had the [proceeding] been timely argued or submitted" (*Bray v Cox,* 38 NY2d 350, 355; *see, People v Corley,* 67 NY2d 105, 109; *Matter of Crescenzi,* 64 NY2d 774; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494).

We have reviewed the respondent's subsequent determination that the petitioner was still not in compliance with the applicable regulations as of May 10, 1987, and find, contrary to the petitioner's contention, that this determination has a rational basis and is supported by substantial evidence in the record. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.