■ INCORPORATED VILLAGE OF OCEAN BEACH, Respondent, v ARTROL CORPORATION, Doing Business as HOUSER'S HOTEL, Appellant.—In an action for a judgment directing the defendant to remove all portions of a certain exterior deck erected adjacent to its hotel and restaurant establishment located at 781-785 Bay Walk, in the plaintiff Incorporated Village of Ocean Beach, and permanently enjoining it from constructing that deck, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered August 14, 1990, which is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

The defendant Artrol Corp. (hereinafter Artrol) is the owner of an establishment known as Houser's Hotel in the plaintiff Incorporated Village of Ocean Beach, located on Fire Island. By a determination dated May 27, 1989, the Village denied Artrol's application for a special permit to construct a ground-level external deck immediately adjacent to its restaurant and bar facilities. Despite the denial of the permit, Artrol proceeded to construct the deck. The Village then instituted the present action, during the pendency of which Artrol brought a separate proceeding pursuant to CPLR article 78 to review the Village's determination denying the special permit. While the instant action was still pending, the Supreme Court issued a judgment in the proceeding pursuant to CPLR article 78,

holding that the Village's denial of the special permit had been neither arbitrary nor capricious. The judgment further held that pursuant to the Village of Ocean Beach Code, Artrol could not construct the deck in question without the authorization of the Village. A subsequent appeal of this judgment by Artrol was dismissed for failure to prosecute. Thereafter, the Supreme Court handed down its judgment in the instant action directing Artrol to remove the deck. We now affirm for the reason that all claims raised by Artrol in the action on appeal were finally decided by the Supreme Court in the proceeding pursuant to CPLR article 78, and are therefore barred pursuant to the doctrine of res judicata (see, Jason v Chusid, 172 AD2d 172; Murphy v Town of Southampton, 168 AD2d 545; Matter of Stimpson Co. v Jorling, 161 AD2d 593; see generally, 9 Carmody-Wait 2d, NY Prac §§ 63:430-63:453). Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.