■ RACHEL BALSAM et al., Respondents, v DELMA ENGINEERING CORPORATION, Appellant-Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant, et al., Defendants. [611 NYS2d 164] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 4, 1992, which denied defendants-appellants' separate motions for summary judgment dismissing plaintiffs' complaint and all cross claims and counterclaims against each of them, unanimously affirmed, without costs.

Issues of fact as to the source of the water that froze over were raised by plaintiffs' identification of numerous witnesses who will testify that large quantities of water were discharged from the construction site during the month in which the accident occurred, and the affidavit of plaintiffs' investigator who examined the topography of the area and concluded that water would flow from the construction site to the place of the accident. Indeed, defendants did no more than present their own witnesses who will testify, contrary to plaintiffs' witnesses, that water was not discharged from the construction site. The court did not err in accepting hearsay evidence of the existence of other witnesses who claimed to have observed water discharged from the construction site, first, because this was not the only evidence submitted on the issue, and second, because plaintiffs demonstrated an acceptable excuse for the failure to tender the evidence in admissible form. (Koren v Weihs, 201 AD2d 268; Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002-1003.)

Inasmuch as defendant Transit Authority did not explicitly argue before the IAS Court that it should be awarded judgment on its claim for contractual indemnification, we decline

to entertain the argument on this appeal. Concur—Sullivan, J. P., Asch, Nardelli and Tom, JJ.