■ In the Matter of TOWN OF HEMPSTEAD, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [649 NYS2d 942] —Proceeding pursuant to CPLR article 78 to review

a determination of the respondent Commissioner of the State Division of Human Rights dated March 29, 1995, which, after a hearing, found, *inter alia,* that the petitioner had discriminated against the six complainants in the terms and conditions of their employment, and ordered the petitioner, *inter alia,* to pay compensatory damages in stated amounts.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

The record contains substantial evidence that the petitioner's agent, Eugene Long, a supervisor of the six complainants, engaged in a pattern of extremely lewd and offensive conduct. The awards made as compensation for the psychological injuries suffered by the six complainants, which ranged from $200,000 to $500,000 are no more punitive than the award made for psychological injuries in *Matter of New York City Tr. Auth. v State Div. of Human Rights* (78 NY2d 207, *revg* 163 AD2d 315). While reasonable persons may disagree as to the exact amount to be awarded as adequate compensation for psychological injuries, we are bound to uphold the agency determination " '[u]nless the award is so arbitrary and capricious as to constitute an abuse of discretion' " *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 217).

The petitioner argues that it was deprived of its right to a fair hearing because, at one point, the Hearing Officer allegedly excluded the attorney for Mr. Long from the proceedings. The petitioner asserts that its case "was presented under the belief that [Mr.] Long would also be presenting his case". Considering that the petitioner could have subpoenaed Mr. Long if it had in fact needed or wanted his testimony, we agree with the respondent State Division of Human Rights that there is no basis upon which to find that the exclusion of Mr. Long's attorney impaired the petitioner's ability to present its evidence.

The petitioner's remaining contentions are without merit. Bracken, J. P., Goldstein and Luciano, JJ., concur.

Krausman, J., dissents and votes to grant the petition to the extent of annulling the awards for compensatory damages and remitting the matter to the State Division of Human Rights for the imposition of new awards with the following memorandum: In this proceeding, we are once again faced with the difficult task of attempting to place a dollars-and-cents valuation on mental pain and suffering, an essentially subjective injury which is often the only consequence of discriminatory conduct *(see, Matter of New York City Tr. Auth. v State Div. of Human*

*Rights,* 78 NY2d 207). In the case before us, I agree with my colleagues' conclusion that the complainants were subjected to egregious acts of sexual harassment by Eugene Long, a supervisor employed by the Town of Hempstead Department of Parks and Recreation. However, bearing in mind that the chief purpose of a damages award in a discrimination case is to compensate the victim for the mental anguish he or she has suffered, rather than to simply punish the wrongdoer, I believe that the sums awarded to the complainants exceed reasonable compensation for their injuries, and should be reduced. Accordingly, I would grant the petition to the extent of annulling the awards for mental anguish, and remit this matter to the Commissioner of the State Division of Human Rights (hereinafter the Commissioner) for imposition of compensatory damage awards more in keeping with the nature and extent of the mental anguish established by the record.

Executive Law § 297 (4) (c) authorizes the Commissioner to award a victim of unlawful discrimination such relief "as in the judgment of the division will effectuate the purposes of this article", including compensatory damages *(see,* Executive Law § 297 [4] [c] [iii]). Although the Court of Appeals has emphasized that the Commissioner's determination of a proper compensatory award for mental anguish is entitled to great deference because of the agency's special expertise in weighing the merit and value of discrimination claims, the Court has also recognized that "[i]f judicial review is to be more than a rubber stamp of agency orders, obviously there must be sufficient proof of mental anguish caused by the discrimination as well as the extent of injuries being compensated" *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 216). Thus, "[b]eyond the fact of mental anguish caused by discriminatory conduct, there must be some evidence of the magnitude of the injury, to assure that the Commissioner's damage award is neither punitive nor arbitrary" *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 217). Accordingly, in reviewing a damage award, the court may appropriately consider objective criteria such as the duration of a complainant's condition, its severity or consequences, any physical manifestations, and any medical treatment *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra).* Moreover, while a complainant's testimony alone may support an award of compensatory damages *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights, supra),* the evidence of emotional distress should be "demonstrable, genuine, and adequately explained" *(Price v City of Charlotte,* 93 F3d 1241, 1252).

Guided by these precepts, I turn to a consideration of whether the very substantial awards to the six complainants in this case are reasonably related to the mental anguish they suffered as a result of sexual harassment in their workplace. Here, the Commissioner awarded the largest sum, $500,000, to the complainant Nadine Lyons, who was sexually harassed by Long during a period of approximately nine months between December 1988 and August 1989. During this period, the agency found that Lyons' supervisor exposed himself to her on three occasions, and made unwelcome sexual comments to her on an almost daily basis. Lyons claimed that she did not immediately report the harassment because she was sexually abused as a child, and no one believed her at that time. Testifying about the impact of the harassment on her emotional condition while she was employed by the Parks Department, Lyons stated that she became nervous, that she was angry with her boyfriend, and that she had a difficult time facing the work day because of fear of what she would encounter there. Moreover, she stated that she continued to be nervous and upset over the incidents. In addition, the agency called one of Lyons' friends, who testified that Lyons still cried when she talked about Long's conduct, and was afraid to go out alone. Although her friend told Lyons to see a doctor, there is no indication that she consulted a physician or sought therapy to alleviate her distress. In awarding the complainant Lyons compensatory damages in the sum of $500,000, the Hearing Officer observed that the "pervasive and relentless sexual harassment" she had endured, "combined with [her] experience of being sexually molested as a child, caused extremely painful and long-lasting emotional distress, anxiety, nervousness and fear".

Given the nature of the harassment to which Lyons was subjected, I would not suggest that this Court reduce her award to a nominal amount. However, it must be noted that while there was general testimony that Lyons remained nervous and upset, there is little, if any, proof of the severity or likely duration of the mental suffering caused by the harassment.

In contrast, in *Matter of New York City Tr. Auth. v State Div. of Human Rights* (181 AD2d 891 [on remittitur from the Court of Appeals]), this Court found the complainant's testimony that she experienced anguish and depression as a result of her employer's discriminatory actions was supported by the testimony of her doctor and the findings of her employer's own psychiatrist, and there was evidence that her emotional distress persisted for at least six years. Moreover, in that case the complainant suffered a miscarriage when she

continued driving a bus after her employer's refusal to assign her to restricted duty, and she experienced continuing feelings of guilt and resentment as well as anguish over the loss of her child. Thus, while an award of $450,000 was upheld on remittitur in *Matter of New York City Tr. Auth. v State Div. of Human Rights* (181 AD2d 891, *supra*), considerably more evidence of the extent and duration of the complainant's mental anguish was offered. Here, although the complainant testified that she was subjected to repeated instances of sexual harassment, the $500,000 award which exceeds that awarded to the complainant in *Matter of New York City Tr. Auth. v State Div. of Human Rights (supra)*, is clearly excessive and should be reduced *(see, Town of Lumberland v New York State Div. of Human Rights,* 229 AD2d 631 [award of $150,000 for mental suffering reduced to $20,000 where only proof of emotional distress was complainant's own testimony, and there was no evidence of the severity and consequence of her condition]; *Matter of Marcus Garvey Nursing Home v New York State Div. of Human Rights,* 209 AD2d 619 [award of $150,000 for mental anguish reduced to $75,000 where complainant testified that nursing home placed him in strict isolation because of his HIV status for $9^{1}/_{2}$ months, which caused him to feel lonely, depressed, and agitated, but where there was no evidence as to severity or consequences of his condition, or evidence that he sought medical treatment]; *Gleason v Callanan Indus.,* 203 AD2d 750 [$54,000 award for mental suffering supported by the record where complainant suffered from irritable bowel syndrome, pains in her sides, insomnia, migraines, and depression, which caused her to seek medical treatment]; *Hetzel v County of Prince William,* 89 F3d 169 [$500,000 award for emotional distress grossly excessive where plaintiff testified that defendant's actions caused her headaches, stress, and problems in her family life, but presented no evidence that she had ever consulted a doctor, therapist, or other professional for assistance]).

The complainant Sharisse Chaplin, who was also subjected to sexual harassment by Long, was awarded compensatory damages in the amount of $250,000. At the hearing, Chaplin testified that in October 1988, Long grabbed her from behind, and tried to pull her against him. In addition, in early December of 1988, Long grabbed Chaplin and kissed her on the lips. Later that month, when Chaplin was collecting money for the office Christmas party, Long again grabbed her, and pulled her between his legs so that she was able to feel his penis. As a result of these incidents, Chaplin testified that she felt humiliated, and became nervous, scared, withdrawn, and uneasy. She also lost weight, had difficulty in sleeping, and suffered from

tension headaches. While Chaplin attributed her breakup with her fiancé to the emotional turmoil Long's behavior caused her, there is no indication that she sought counseling or therapy to assist her in dealing with her psychological problems. In addition, there is no evidence that the mental anguish which Chaplin experienced during the months she worked under Long's supervision had or will have any long term or enduring psychological consequences. Under the circumstances, the $250,000 award to Chaplin was excessive and should be reduced.

The complainants Dawn West and Angela Latta were each awarded compensatory damages in the sum of $200,000. Although Long made offensive comments of a sexual nature to them, he did not attempt to physically force his attentions upon them. West testified that Long's behavior caused her to feel disgusted and become depressed and withdrawn. In addition, West claimed that the sexual harassment she encountered in the workplace brought back painful memories of childhood sexual abuse. As a result of these feelings, West attended therapy for three or four months, and was given antidepressants. However, she terminated therapy in March 1991, and there is no indication that her depression is a continuing condition. Similarly, while Angela Latta stated that she felt hurt and violated by Long's conduct, there is no evidence of the extent or duration of her mental distress. In awarding both West and Latta compensatory damage awards of $200,000, the agency found that Long had retaliated against them for their complaints of sexual harassment by causing them to lose their jobs, which resulted in further trauma and humiliation. In the absence of evidence of any long term consequences, the $200,000 awards to West and Latta should not be sustained.

The Commissioner also awarded $200,000 in compensatory damages to the complainants Dana Frazier and Tracey Randelman, finding that they were repeatedly subjected to offensive comments about their sexual relationships. In addition, Frazier testified that on one occasion, Long grabbed her around the waist, and Randelman testified that in the summer of 1989, Long placed his hands on her breasts, and, on a later date, placed his hands on her buttocks. Frazier testified that she felt violated and lost patience, and that she couldn't sleep and had headaches. She also claimed that she continued to feel withdrawn, and no longer went out. Randelman testified that she became upset and fearful, and that she experienced family problems which caused her and her children to seek counseling "for a short time". However, again there is little, if any, ev-

idence of the duration of the emotional distress which these complainants endured, and while Randelman briefly entered counseling, no medical records were introduced to substantiate her claim that the difficulties she experienced in her relationship with her husband and children were attributable to the relatively brief period of harassment she suffered prior to Long's transfer. In light of these circumstances, the $200,000 compensatory awards to Frazier and Randelman should also be found excessive, and appropriately reduced.

In sum, while there is support in the record for the Commissioner's determination that the complainants' supervisor engaged in a persistent pattern of sexual harassment, the Legislature has not authorized the agency to award exemplary damages in discrimination cases. Accordingly, care must be taken to ensure that the damages awarded compensate the victim for his or her emotional suffering, and do not simply punish an employer, such as the Town of Hempstead, for the wrongful actions of one of its employees. I cannot agree that the Commissioner's mental anguish awards are truly compensatory in nature, and I would therefore vote to grant the petition to the extent of annulling the compensatory awards for mental anguish.