■ In the Matter of YOUNG FU HSU, Doing Business as TAI HUA RESTAURANT, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on the Complaints of PATTY IVES and Others, Petitioner. [661 NYS2d 400] —Petition unanimously granted in part with costs in accordance with the following Memorandum: Substantial evidence supports the determination that respondent discriminated against the three complainants on the basis of their national origin. Complainants, who are Caucasian and worked at respondent's restaurant as waitresses, established a prima facie case of discrimination by establishing that Asian waitresses were given preference with respect to hours and table assignments (*see generally, Ashker v International Bus. Machs. Corp.*, 168 AD2d 724, 725). Respondent failed to provide a legitimate nondiscriminatory reason for the disparity in hours and table assignments (*see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411, 418-419, *rearg denied* 78 NY2d 909; *Matter of New York City Bd. of Educ. v Batista*, 54 NY2d 379, 384).

The awards of compensatory damages for back pay, lost wages, lost tips and emotional distress are supported by the evidence and are "reasonably related to the discriminatory conduct" (*Matter of Consolidated Edison Co. v New York State Div. of Human Rights [Easton], supra*, at 420). It is well settled that awards for emotional distress are "not dependent upon psychiatric or other medical evidence" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221

AD2d 44, 57, *lv denied* 89 NY2d 809; *see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216). In our view, however, the Commissioner of the New York State Division of Human Rights abused his discretion in making the awards of $10,000 for emotional distress, and we reduce each of those awards to $2,500 (*see generally, Matter of Town of Hempstead v New York State Div. of Human Rights*, 233 AD2d 451, *appeal dismissed* 89 NY2d 1029). We therefore grant the petition in part by directing respondent to pay complainants the awards for back pay, lost wages and lost tips, together with interest at the rate of 9% per annum, and awards of $2,500 for emotional distress for complainants Patty Ives and Kathleen Nesbit. Finally, because respondent failed to object to the alleged inadequacy of the translator at the administrative hearing and has not shown that extraordinary circumstances prevented him from doing so, he is precluded from raising that issue in this proceeding (*see*, Executive Law § 298; *Matter of Van Cleff Realty v New York State Div. of Human Rights*, 216 AD2d 306, 307). (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Steuben County, Bradstreet, J.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.