■ JOSEPHINE CHIANESE, Appellant, v WERNER MEIER et al., Respondents. [667 NYS2d 358] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered March 12, 1997, which, upon plaintiff's motion for renewal, *inter alia*, adhered to an earlier determination granting defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered August 23, 1996, unanimously dismissed, without costs, as superseded by the appeal from the order entered March 12, 1997.

Plaintiff was assaulted in her apartment in 1992 by an individual who has since been convicted of this and several similar crimes. This action against plaintiff's landlord was based on her allegation that the security door to the building had been left open.

The assailant admitted having used a plastic card to force his way into apartment buildings in the past. Defendants offered a 1996 affidavit by the assailant that he had gained entry on this particular occasion by running his finger down the buttons of the intercom directory until some unsuspecting resident buzzed him in. Upon renewal, plaintiff offered transcripts of her investigator's telephone conversations with the assailant (two of which took place in 1993), acknowledging the latter's normal methods of gaining access, but indicating that he had been attracted to this building from across the street because he had noticed the front door left open. He remembered this building because, upon closer examination, he saw that the door had been propped open with a door wedge, and that someone had left a bicycle in the inner hallway.

The assailant explained to the investigator in 1996 that he had recently signed the affidavit prepared for him by defendants upon assurance that he would not have to go to court to testify in this case, and that he was now confirming his original recollections to the investigator on the understanding that he still did not want to get "mixed up into this thing." Upon renewal, plaintiff offered a further affidavit attesting to her recollection that a bicycle had been parked in her lobby on the date of the incident.

By 1996, four years after the incident, the assailant's recollection of how he had obtained entry to this particular building was somewhat hazy. On the other hand, his recollections in the earlier telephone conversations with plaintiff's investigator were recorded just 12 and 19 months after the incident. Although the credibility of an affidavit is generally not weighed on a motion for summary judgment, the contradictory earlier recorded recollections of this affiant raise substantial questions about the only evidence presented by the defense on the issue of proximate cause (*see, Powell v Hurdle*, 214 AD2d 720).

The transcripts were appropriately offered in opposition to defendants' summary judgment motion, even though they were hearsay (*see, Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000, 1002; *see also, Herstand & Co. v Gallery: Gertrude Stein*, 211 AD2d 77, 82-83), especially in light of the plausible explanation for failure to obtain evidence in more acceptable form (*Egleston v Kalamarides*, 58 NY2d 682, 684; *Landisi v*

*Beacon Community Dev. Agency, supra*, 180 AD2d, at 1003). The hearsay evidence, together with plaintiff's sworn statement, was sufficient to defeat defendants' motion for summary judgment (*Balsam v Delma Eng'g Corp.*, 203 AD2d 203). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.