■ KAREN SCHWALLER, Respondent, v SQUIRE SANDERS & DEMPSEY, Appellant. [671 NYS2d 759] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 14, 1997, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant's motion for summary judgment dismissing the complaint should have been granted. Defendant has set forth evidence fully demonstrating legitimate, non-discriminatory reasons for its decision to discharge plaintiff. Plaintiff's evidentiary submissions are insufficient to support a finding that those reasons are pretextual.

The two theories of discrimination she advanced in opposition to the defendant's motion to dismiss were (1) quid pro quo sexual harassment and (2) sexual discrimination in support and training. However, the motion court's conclusion that no evidence of quid pro quo sex discrimination was offered is not challenged on appeal by plaintiff.

Her remaining claims are (1) that she received unfair evaluations and a reduced workload thereafter due to gender-related reasons, and (2) that as a result she was terminated for gender-related reasons. Essentially, she claims that two partners of the firm were biased against her, and that their biased performance evaluations of November 1988 led to the resulting decisions by the firm's tax department to limit her training, to reduce her workload and ultimately to terminate her. Each of these claims is separately pleaded as a cause of action under both title VII of the 1964 Civil Rights Act (42 USC § 2000e *et seq.*) and New York's Human Rights Law (Executive Law art 15).

A plaintiff in an employment discrimination case has the initial burden of showing, prima facie, (1) that the employee is a member of a protected class, (2) that she was discharged, (3) that she was qualified for the position, and (4) that the discharge occurred under circumstances giving rise to an inference of discrimination (*McDonnell Douglas Corp. v Green*, 411 US 792; *Ferrante v American Lung Assn.*, 90 NY2d 623). However, this burden has been referred to as "de minimis" (*LaFond v General Physics Servs. Corp.*, 50 F3d 165, 173; *see also, Texas Dept. of Community Affairs v Burdine*, 450 US 248, 253; *Sogg v American Airlines*, 193 AD2d 153, 162, *lv dismissed* 83 NY2d 846, *lv denied* 83 NY2d 754). Plaintiff's assertions and deposition testimony are sufficient to satisfy this minimal requirement, as the motion court noted.

The motion court was also correct in holding that the evidentiary materials submitted by defendant demonstrate all legitimate, non-discriminatory reasons for plaintiff's discharge. The evaluations made of plaintiff's work by various partners over the years of her employment provide ample support for their decision.

Upon review of all the submitted evaluations made of

plaintiff over the years, defendant has established that its determination to discharge plaintiff was justified and legitimate, not motivated by gender bias. In the face of this showing, the evidentiary materials submitted by plaintiff were insufficient to create a question of fact as to whether the proffered reasons for her termination were in fact pretextual.

In support of her claim of gender discrimination, plaintiff relies primarily on unsupported hearsay statements contained in her own affidavit and deposition testimony. Although hearsay evidence may be considered in opposition to a summary judgment motion where other evidence in admissible form is submitted (*Balsam v Delma Eng'g Corp.*, 203 AD2d 203), or where the party provides an acceptable excuse for the failure to tender the evidence in admissible form (*Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff has done neither, despite the six years of discovery conducted from the commencement of this action to the time of this motion. Thus, contrary to plaintiff's repeated reference to the hearsay statements as "first-hand" admissions, they are in fact without any probative value and do not support her otherwise conclusory assertions of discrimination (*see, Engstrom v Kinney Sys.*, 241 AD2d 420, *lv denied* 91 NY2d 801).

There is no merit to the remainder of the arguments proffered by plaintiff to support her claim of bias. "Pretext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations" (*Ezold v Wolf, Block, Schorr & Solis-Cohen*, 983 F2d 509, 528, *cert denied* 510 US 826).

There is simply no factual support for plaintiff's position that the detailed negative evaluations she received were pretextual. All that remains is defendant's substantial showing that plaintiff's termination was legitimate, based upon plaintiff's job performance. Concur—Milonas, J. P., Nardelli, Mazzarelli and Saxe, JJ.