*637 OPINION OF THE COURT
Per Curiam.
Order entered September 12, 1997 reversed, with $10 costs, motion denied and complaint reinstated.
Plaintiffs were assaulted in their Bronx apartment by two intruders, one of whom (Cabreja) was eventually apprehended and convicted of felony charges in connection with the incident. This action against the building owner was based on allegations, inter alia, that the security door to the building was inoperable. While properly recognizing that the extensive history of criminal activity in the building was sufficient to create a triable issue as to whether the incident was reasonably foreseeable, Civil Court granted defendant’s motion for summary judgment upon its determination that plaintiffs failed to raise a triable issue as to causation.
We disagree. The plaintiffs’ submission below, including the deposition testimony of the building superintendent that there were “times” when the front security door was broken, and the court-ordered deposition testimony of the apprehended assailant, Cabreja, indicating that “[t]here wasn’t a lock” on the front entrance door through which he admittedly gained access to the building, was sufficient to raise genuine triable issues as to whether the security door was negligently maintained (see, Chianese v Meier, 246 AD2d 328) and, if so, whether the lapse in security was a substantial, contributing cause of plaintiffs’ injuries (see, Burgos v Aqueduct Realty Corp., 92 NY2d 544). To the extent that Cabreja’s description of the condition of the entrance door may have been based upon the hearsay account of his unapprehended accomplice, it was nonetheless appropriately offered in opposition to defendant’s summary judgment motion (see, Chianese v Meier, supra; see also, Herstand & Co. v Gallery: Gertrude Stein, Inc., 211 AD2d 77, 82-83). Contrary to defendant’s contention, Cabreja’s statements reflecting the preconceived nature of his criminal design are insufficient, on this record and without more, to demonstrate as a matter of law that there was no causal connection between the defendant’s claimed negligence and plaintiffs’ injuries (cf., Rivera v New York City Hous. Auth., 239 AD2d 114).
Parness, P. J., and Freedman, J., concur.