■ RIO MAR RESTAURANT et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [704 NYS2d 230] —Determination of respondent Division, dated July 1, 1998, which found that petitioners sexually harassed the complainant and constructively terminated her employment because of her sex, and awarded her $500,000 in compensatory damages and $65,850, plus interest, in back pay, unanimously modified, on the facts, and the petition granted to the extent of reducing the compensatory damage award to $125,000, and the proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Franklin Weissberg, J.], entered November 25, 1998) is otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the Division's findings that the petitioners sexually harassed and constructively discharged complainant from her employment (see, Executive Law § 298;

*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176), and its award of back pay. Although a complainant ordinarily has a duty to exercise diligence to mitigate his or her damages by making reasonable efforts to obtain comparable employment (*Matter of State Div. of Human Rights v North Queensview Homes*, 75 AD2d 819), the Commissioner properly determined that complainant was unable to work for a period after her constructive termination because of petitioners' actions (*see, Matter of Grand Union Co. v Mercado*, 263 AD2d 923). In addition, tips the complainant would have received in her employment as a waitress were properly included in the award (*see, Matter of Young Fu Hsu v New York State Div. of Human Rights*, 241 AD2d 913).

However, the award of $500,000 in compensatory damages was excessive and we reduce said award to $125,000 (*see, Anderson v YARP Rest.*, 1997 WL 27043, 1997 US Dist LEXIS 560 [SD NY, Jan. 23, 1997]; *cf., Matter of Town of Hempstead v State Div. of Human Rights*, 233 AD2d 451, *appeal dismissed* 89 NY2d 1029, *lv denied* 90 NY2d 807).

The Division properly amended the complaint to add petitioner Romero as an individual respondent since the amendment related back to the original complaint and did not prejudice him, the initial filing against his restaurant having placed him on notice that his personal conduct toward complainant was the underlying issue in the case (*see, Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631).

We have considered petitioners' remaining contentions and find them to be unavailing. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.