■ EXXON SHIPPING Co. et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [755 NYS2d 608] —Determination of respondent Division of Human Rights, dated October 12, 2001, which ordered that petitioner cease and desist from discriminating against employees on the basis of age, and awarded complainant employee back pay and benefits with interest, retroactive contributions to his Social Security and pension funds and $10,000 for mental anguish, with related relief, unanimously confirmed, the petition and cross petitions denied and the proceeding brought pursuant to Executive Law § 298 and CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered January 18, 2002) dismissed, without costs.

After the complainant employee sustained his de minimis burden of showing a prima facie case of age discrimination (*see Schwaller v Squire Sanders & Dempsey*, 249 AD2d 195, 196 [1998]; *and see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]), petitioner employer provided evidence meeting its consequent burden to set forth a legitimate, nondiscriminatory reason to support the termination (*see id.*), specifically a work force reduction (*see Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 738-739 [1996]; *see also Hardy v General Elec. Co.*, 270 AD2d 700, 702 [2000], *lv denied* 95 NY2d 765 [2000]). However, there was substantial evidence that petitioner's proffered reason was false and that the actual motive was discrimination (*see Ferrante*, 90 NY2d at 630), and thus respondent agency's finding that petitioner's asserted need to reduce its work force was a mere pretext for discriminating against the complainant may not be disturbed (*see Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 630-631 [1988]). Substantial evidence also supports the finding that the

complainant was diligent in seeking to mitigate lost earnings damages (*see Rio Mar Rest. v New York State Div. of Human Rights*, 270 AD2d 47, 48 [2000], *lv denied* 95 NY2d 763 [2000]), and that he suffered mental distress that was reasonably related to petitioner's discriminatory conduct (*see Matter of Young Fu Hsu v New York State Div. of Human Rights*, 241 AD2d 913 [1997]). The agency properly declined to offset the award by amounts not received as compensation for lost earnings (*cf. Matter of Allender v Mercado*, 233 AD2d 153 [1996], *appeal dismissed and lv denied* 89 NY2d 1055 [1997]), including pension benefits (*see Fisher v Qualico Contr.*, 98 NY2d 534, 538-539 [2002]). We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.