Proceeding pursuant to Executive Law § 298 to review (1) a determination of the respondent Commissioner of the New York State Division of Human Rights dated April 13, 2000, which, after a hearing, found that the petitioners unlawfully discriminated against Kimberly Sawyer and Kelly-Lynn Anderson on the terms and conditions of their employment and awarded Kimberly Sawyer $315,000 in compensatory damages and $39,000 in back pay and Kelly-Lynn Anderson $225,000 in compensatory damages and $13,000 in back pay, and (2) a determination of the Commissioner of the New York State Division of Human Rights dated November 6, 2001, which, after a compliance hearing, adjusted Kimberly Sawyer’s award for back pay to $34,754.20 and left the remaining awards undisturbed, and cross petition to enforce the determinations.
Adjudged that the petition is denied, the determinations are confirmed, and the proceeding is dismissed; and it is further,
Adjudged that the cross petition is granted and the petitioners are directed to pay Kimberly Sawyer $315,000 in compensa *374 tory damages and $34,754.20 in back pay, and Kelly-Lyiin Anderson $225,000 in compensatory damages and $13,000 in back pay, plus interest from April 13, 2000; and it is further,
Ordered that one bill of costs is awarded to the respondent.
On or about May 25, 2000, the petitioners commenced a proceeding pursuant to CPLR article 78 to review a determination dated April 13, 2000, which found that the petitioners had unlawfully discriminated against Kimberly Sawyer and Kelly-Lynn Anderson and awarded those individuals back pay and compensatory damages. That proceeding was transferred to this Court by order dated July 13, 2000, but was dismissed on April 11, 2001, as abandoned. The petitioners commenced the instant proceeding to review both the determination dated April 13, 2000, and a determination dated November 6, 2001, which adjusted one of the awards in back pay.
Judicial review of the determination dated April 13, 2000, is barred by the doctrine of res judicata, due to the dismissal of the petitioners’ prior proceeding for lack of prosecution, which acted as an adjudication on the merits of all issues that “could have been litigated had the [proceeding] been timely argued or submitted” (Matter of Stimpson Co. v Jorling, 161 AD2d 593, 594 [1990] [internal quotation marks omitted]).
In any event, the determination of the respondent Commissioner of the New York State Division of Human Rights finding unlawful discrimination was supported by substantial evidence (see Executive Law § 296 [1] [a]; Matter of Fella v County of Rockland, 297 AD2d 813, 815 [2002]). Moreover, the awards of compensatory damages were reasonably related to the petitioners’ discriminatory conduct, were not punitive, and were a provident exercise of discretion (see Matter of Town of Hemp-stead v State Div. of Human Rights, 233 AD2d 451 [1996]; Sier v Jacobs Persinger & Parker, 276 AD2d 401 [2000]). Further, the evidence supported the awards of back pay. Santucci, J.E, S. Miller, Goldstein and Cozier, JJ., concur.