■ NOHO STAR INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [897 NYS2d 629]—

Determination of respondent State Division of Human Rights, dated September 12, 2008, inter alia, awarding complainant damages upon a finding that his employment as a cook was terminated by petitioner restaurant in retaliation for his having agreed to provide assistance to another complainant in a proceeding alleging discrimination in violation of the State Human Rights Law, unanimously confirmed, the petition denied, the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marilyn Shafer, J.], entered March 24, 2009), dismissed, and

the cross petition for enforcement of the determination granted, without costs.

The finding that complainant established a prima facie case of retaliatory discharge is supported by substantial evidence (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]) that petitioner terminated complainant within a day after it learned that he had agreed to be a witness in support of a discrimination complaint filed with respondent Division by petitioner's former first cook. Statutory protection extends to an employee who is named as a voluntary witness in a discrimination proceeding although never called on to testify (*Jute v Hamilton Sundstrand Corp.*, 420 F3d 166, 168 [2d Cir 2005]; cf. *Unotti v American Broadcasting Cos.*, 273 AD2d 68 [2000]; *Sorrentino v Bohbot Entertainment & Media*, 265 AD2d 245, 245-246 [1999]), and a causal connection between a protected activity and an adverse employment action can be inferred from evidence that the protected activity was followed closely by discriminatory treatment (*DeCintio v Westchester County Med. Ctr.*, 821 F2d 111, 115 [2d Cir 1987], *cert denied* 484 US 965 [1987]; *see Velez v Frion Realty Corp.*, 300 AD2d 103 [2002]).

No basis exists to disturb the findings of credibility rejecting the testimony of petitioner's witnesses that they did not know that complainant had agreed to assist the former first cook, and that the decision to terminate him had been made weeks earlier based on his lack of cooperation in training new chefs hired to replace the former first cook and reluctance to make certain types of desserts (*see Granelle*, 70 NY2d at 106). The witnesses' testimony in the latter regard was contradicted by the evidence that, just weeks before terminating complainant, petitioner had offered him a promotion to the first cook position because he was a good chef who was qualified for the position. Nor did petitioner offer any documentation of its dissatisfaction with complainant's work.

Substantial evidence also supports the awards for emotional distress and back pay, and offsets in favor of petitioner were properly denied on a record that contains no evidence as to the amount of any unemployment benefits or other income received by complainant (*see Exxon Shipping Co. v New York State Div. of Human Rights*, 303 AD2d 241, 241-242 [2003], *lv denied* 100 NY2d 505 [2003]; Executive Law § 297 [4] [c]; *see generally Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216-217 [1991]). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.