Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 16, 2011, which granted defendants’ motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.
The court erred by treating defendants’ motion made pursuant to CPLR 3211 (a) (7) and (10) as a motion for summary judgment without providing the parties with notice, as required by CPLR 3211 (c) (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]). While defendants’ notice of motion sought, as alternative relief, summary judgment pursuant to CPLR 3211 (c), plaintiffs never indicated that they joined defendants in *445 “deliberately charting a summary judgment course” (id. [internal quotation marks omitted]), nor does the case involve a purely legal question without any disputed issues of fact (see Wiesen v New York Univ., 304 AD2d 459, 460 [2003]).
Treating the motion as one for dismissal pursuant to CPLR 3211 (a) (7), we conclude that it should have been denied. Construing the complaint liberally and drawing all reasonable inferences in favor of the pleaders (see e.g. Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we find that plaintiffs have made allegations that, if true, would carry their “de minimis burden” (Exxon Shipping Co. v New York State Div. of Human Rights, 303 AD2d 241, 241 [2003], lv denied 100 NY2d 505 [2003]) of establishing a prima facie case of discrimination in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.). Plaintiffs have alleged that they are members of a protected class (the disabled), that they were qualified for their positions, that they suffered an adverse employment action (being laid off), and that the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). The inference of discrimination arises from the complaint’s allegations that plaintiffs, who performed clerical work, were laid off as a result of the elimination of their job title, under which all the employees were disabled, while other job titles involving clerical work were not eliminated. After issue has been joined and discovery has been completed, defendants will have an opportunity to attempt to rebut the presumption of discrimination arising from plaintiffs’ prima facie case by “setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support [their] employment decision” (Forrest, 3 NY3d at 305), to which plaintiffs will be entitled to respond in turn. On defendants’ motion addressed to the sufficiency of the pleading, however, the only question properly before the court was whether plaintiffs have alleged a prima facie case.
We note that the motion court did not rest its decision on the branch of defendants’ motion seeking dismissal based on “the absence of a person who should be a party” (CPLR 3211 [a] [10]), and, on appeal, defendants have not argued that the dismissal should be affirmed on that ground. Concur — Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.