Harrington v City of New York (2018 NY Slip Op 00381)





Harrington v City of New York


2018 NY Slip Op 00381


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Gische, J.P., Webber, Oing, Singh, Moulton, JJ.


152560/15 5244 5243

[*1]Michael Harrington, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Amed Marzano & Sediva PLLC, New York (Naved Amed of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Amanda Sue Nichols of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered October 13, 2016, which, to the extent appealed from as limited by the briefs, upon plaintiff's motion for reargument and renewal of defendants' motion to dismiss the claims for employment discrimination and retaliation under the New York State and City Human Rights Laws (HRLs) or, in the alternative, leave to amend the complaint, granted reargument and adhered to the original determination granting defendant's motion, and denied renewal and leave to amend, unanimously modified, on the law, to grant the motion for renewal, and, upon reargument and renewal, to deny defendants' motion, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered November 12, 2015, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as academic in light of the foregoing.
In this employment discrimination and retaliation action, plaintiff alleges that defendants discriminated against him on the basis of his sexual orientation by refusing to employ him as a police officer and that they also retaliated against him for a previous lawsuit plaintiff filed against defendants in 2007. The 2007 action alleged discrimination, retaliation and harassment.
Plaintiff was employed as an auxiliary police officer from 1997 to 2000, and as police officer from 2002 until 2009, with the NYPD. In February 2009, plaintiff voluntarily resigned from the NYPD to take a police officer position in California. He then sought to be reinstated as a police officer with the NYPD in June 2009, passing the psychological exam. After plaintiff's request for reinstatement was denied, he directly applied for employment with the NYPD, passing the written exam in 2010. While plaintiff's 2010 application was pending, he accepted law enforcement positions with sheriffs' departments in Arizona and Missouri, passing at least one more psychological evaluation for those positions. In September 2013, plaintiff began working as a correction officer for the New York City Department of Correction, passing yet another psychological evaluation. He remains employed as a correction officer.
In 2007, at a time when plaintiff was employed as a NYPD officer, he filed an action against defendants under the State and City Human Rights Laws (HRLs). The parties settled the 2007 lawsuit on December 12, 2013, with plaintiff signing a general release of all claims accruing up to the settlement date, in exchange for a $185,000 payment from defendants.
After settlement, the NYPD instructed plaintiff to proceed with his then-pending 2010 application, and plaintiff underwent another psychological evaluation. Thereafter, plaintiff was informed that his application was being held on a psychological review. It remained on hold for nearly one year before the NYPD found plaintiff not psychologically suited to serve as a police officer. The disqualification was based on the police psychologist's finding that plaintiff "relied chiefly on litigation to resolve issues," and cited plaintiff's 2007 action as evidence of his "poor stress tolerance." Plaintiff administratively appealed the finding, and submitted a report from his [*2]own clinical psychologist, who opined that plaintiff had no psychological characteristics that would prevent him from serving as a police officer. Plaintiff's own psychological report also noted that the police psychologist failed to include psychometric data results that indicated plaintiff met or exceeded requirements in every area of the "Job Suitability Snapshot," a series of psychological analytic tests, as well as failed to include the police psychologist's own notes that confirmed that plaintiff's thought processes were "coherent" and "WNL" (within normal limits).
After the appeal was denied, plaintiff filed the instant action, asserting, as relevant on appeal, causes of action for discrimination and retaliation under the State and City HRLs. Plaintiff sought damages and an order directing defendants to appoint him to the NYPD. Supreme Court dismissed the causes of action. It then denied renewal but granted reargument. Upon reargument, the motion court adhered to its prior decision to dismiss the complaint. We now reinstate the causes of action. The complaint, as amplified by plaintiff's affidavit and psychological report, states claims for both discrimination and retaliation.
A plaintiff states a claim of invidious discrimination under the State and City HRLs by alleging (1) that he/she is a member of a protected class, (2) that he/she was qualified for the position, (3) that he/she was subjected to an adverse employment action (under State HRL) or he/she was treated differently or worse than other employees (under City HRL), and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination (Santiago-Mendez v City of New York, 136 AD3d 428 [1st Dept 2016]; Rollins v Fencers Club, Inc., 128 AD3d 401 [1st Dept 2015], appeal withdrawn 27 NY3d 990 [2016]; Serdans v New York & Presbyt. Hosp., 112 AD3d 449 [1st Dept 2013]; Executive Law § 296; Administrative Code of City of NY § 8-107).
The parties do not dispute that plaintiff has sufficiently pleaded the first three elements of discrimination, to wit, plaintiff is part of a protected class due to his sexual orientation, he was qualified for the position of police officer, having previously served for seven years before voluntarily resigning, and he was treated adversely by having a psychological hold placed on his application and then being found to have failed the evaluation. However, defendants contend that plaintiff has not pleaded facts from which discrimination can be inferred. We disagree. Plaintiff alleged that he had passed six prior law enforcement psychological evaluations, in New York, California, Arizona, and Missouri, before defendants deemed him psychologically unfit for a position with the NYPD, and that in finding others psychologically fit defendants had given preferential treatment to similarly situated heterosexual applicants. Plaintiff further alleged that he was the only applicant whose application had been placed on a psychological review for over 15 months.
In his renewal motion, plaintiff provided further support from which to infer discrimination. He submitted the psychological report of his independent clinical psychologist demonstrating his fitness to serve. This report, which did not exist when defendants moved to dismiss, was properly before the court on renewal. Moreover, the report did not need to be in admissible form at this point because the underlying motion was to dismiss (see Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644-645 [2nd Dept 2015]).
The foregoing, taken together, and affording plaintiff the benefit of every favorable inference, establishes prima facie that defendants discriminated against plaintiff on account of his sexual orientation in finding him psychologically unfit to serve.
To make out a prima facie claim of retaliation under the State HRL, a plaintiff must show that (1) he/she has engaged in a protected activity, (2) his/her employer was aware of such activity, (3) he/she suffered an adverse employment action based upon the activity, and (4) a causal connection exists between the protected activity and the adverse action (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Executive Law § 296[7]). Under the City HRL, the test is similar, though rather than an adverse action, the plaintiff must show only that the defendant "took an action that disadvantaged" him or her (Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]; see also Albunio v City of New York, 67 AD3d 407, 413 [1st Dept 2009], affd 16 NY3d 472 [2011]).
Plaintiff alleges that in retaliation for his having commenced the 2007 action against defendants, they placed a psychological hold on his present application for employment in 2014, [*3]and ultimately found him psychologically unfit for the position.
As an initial matter, plaintiff's retaliation claims are not barred either by his settlement of the 2007 action, or by the general release of all claims that plaintiff could have asserted against defendants until that time. The alleged facts underlying the retaliation claims occurred in February 2014, and were not, therefore, precluded by the general release executed before that date, which waived only causes of action "up to . . . and including the date of the execution of this General Release" (see Hughes v Long Is. Univ., 305 AD2d 462 [2d Dept 2003]; see also Swift v Ki Young Chloe, 242 AD2d 188, 194 [1st Dept 1998]).
In finding plaintiff psychologically unfit, defendants' police psychologist relied on plaintiff's 2007 action against defendants. Specifically, the police psychologist's report stated that plaintiff had "poor stress tolerance" and relied "chiefly on litigation to resolve issues." The 2007 litigation serving as the psychological disqualifier is sufficient to plead the causal connection between the protected activity and the adverse action in this case.
Defendants contend that the 2007 action is not sufficiently temporally proximate to the alleged adverse action to support the causal connection necessary for plaintiff's retaliation claim. While temporal proximity between a protected activity and an adverse employment action may, under some circumstances, be sufficient in itself to permit the inference of a causal connection necessary for a retaliation claim, the fact that actions are not temporally proximate is not necessarily fatal to a retaliation claim. The absence of temporal proximity will not defeat the claim, where, as here, there are other facts supporting causation (see Noho Star Inc. v New York State Div. Of Human Rights, 72 AD3d 448 [1st Dept 2010]; see also Ostrowski v Atlantic Mut. Ins. Cos., 968 F2d 171 [2d Cir 1992]; but see Matter of Parris v New York City Dept. of Educ., 111 AD3d 528 [1st Dept 2013], lv denied 23 NY3d 903 [2014]). Plaintiff's allegations are sufficient to permit the inference that the reason plaintiff was found psychologically unfit to serve was because he brought the 2007 action against defendants. This, along with the extensive history of having been found psychologically fit to serve as a police officer and in similar positions, supports an inference that the disqualification was retaliation for bringing the 2007 action.
Inasmuch as we are reinstating the discrimination and retaliation causes of action, we find that the appeal from the denial of the motion to amend the complaint is academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK