Matter of New York State Div. of Human Rights v International Fin. Servs. Group (2018 NY Slip Op 04673)





Matter of New York State Div. of Human Rights v International Fin. Servs. Group


2018 NY Slip Op 04673


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


6972 251456/16

[*1]In re New York State Division of Human Rights, Petitioner,
v
International Financial Services Group, et al., Respondents, Crystal Martinez, Nominal Respondent.


Caroline J. Downey, N.Y.S. Division of Human Rights, Bronx (Aaron M. Woskoff of counsel), for petitioner.



Determination of petitioner New York State Division of Human Rights (DHR), dated May 19, 2015, granting the complaint for disability discrimination, awarding complainant $64,436.03 in back pay and $10,000 for emotional distress, and assessing a civil penalty of $20,000 (the proceeding having been transferred to this Court by order of Supreme Court, Bronx County [Julia Rodriguez, J.], entered on or about March 3, 2017), unanimously confirmed, without costs.
Substantial evidence supports the agency's findings that respondents engaged in disability-based employment discrimination against complainant, in violation of the New York State Human Rights Law (see Matter of McEniry v Landi, 84 NY2d 554, 559-560 [1994]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). The record further supports the imposition of liability upon individual respondent Carlos Zapata, for aiding and abetting discriminatory conduct, since he directly participated in the discriminatory conduct by, among other things, terminating complainant (see Executive Law § 296[6]; Peck v Sony Music Corp., 221 AD2d 157, 158 [1st Dept 1995]; Miloscia v B.R. Guest Holdings LLC, 33 Misc 3d 466, 479 [Sup Ct, NY County 2011], affd in part, mod on other grounds in part 94 AD3d 563 [1st Dept 2012]).
The award of compensatory damages for back pay is appropriate (see Exec Law § 297[4][c][ii]-[iii]; Rio Mar Rest. v New York State Div. of Human Rights, 270 AD2d 47, 48 [1st Dept], lv denied 95 NY2d 763 [2000]), as is the award of damages for mental anguish (see Matter of New York State Div. of Human Rights v Milan Maintenance, Inc., 152 AD3d 412 [1st Dept 2017]; Matter of New York State Div. of Human Rights v Neighborhood Youth & Family Servs., 102 AD3d 491 [1st Dept 2013]).
The agency did not abuse its discretion in setting the amount of the civil penalty at $20,000 (see Executive Law § 297[4][c][vi]; Matter of Jacobs v New York State Div. of Human Rights, 131 AD3d 883 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK