■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v FRANK MUIA SR., Respondent.—Crew III, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Albany County) for enforcement of an order of the Commissioner of Human Rights which, *inter alia,* ordered respondent to cease and desist from refusing to rent or lease to any persons on the basis of race.

Respondent owned a five-unit apartment building in Albany County. He placed an advertisement in a local paper advertising an apartment for rent and provided a telephone number for inquiries in connection therewith. On February 13, 1985, the complainant made an inquiry in response to the advertisement, leaving a message with respondent's telephone exchange service. Because respondent was out of town and unavailable, the complainant was contacted by respondent's son who told the complainant that he would be showing the apartment that day and invited her to come see it. The complainant visited the apartment, found it acceptable and filled out a rental application. During a telephone conversation later that day, respondent's son told the complainant that his review of her application indicated that she was an acceptable tenant and requested her to leave a deposit at his place of business. The complainant went to the son's place of business and, while writing the deposit check, she sensed that respondent's son was looking at her daughter's picture which was opposite her checkbook in her wallet. She then asked respondent's son if there was any difficulty created because her husband was black and their daughter was "bi-racial"; respondent's son responded that there was not a problem.

Later that evening respondent's son called the complainant and informed her that, unknown to him, a real estate agent employed by his father had already rented the apartment to someone else and, therefore, she could not have it. He agreed to return the complainant's deposit check, which he did. Believing that the apartment was still available, the complainant spoke with a friend who volunteered to call and inquire about its availability. Respondent returned the friend's call

and advised her that the apartment was indeed still available. An appointment was scheduled for her to see the apartment and respondent told her that she should bring her husband with her so that he did not have to show the apartment a second time. The friend, who is white, appeared for the scheduled appointment with another friend who was also white and who pretended to be her husband. After seeing the apartment, the friend offered to rent it and respondent accepted a deposit without having requested or seen a rental application.

Thereafter, the complainant filed a discrimination complaint against respondent with petitioner, alleging that respondent refused to rent the apartment to her on the basis of race in violation of Executive Law § 296 (5) (a) (1). Following a hearing, an Administrative Law Judge submitted proposed findings of fact that (1) respondent's son was an agent of respondent, (2) respondent was responsible for the acts of his agent, and (3) respondent discriminated against the complainant. As a result, the Administrative Law Judge recommended damages of $50,000. The Commissioner of Human Rights adopted the proposed findings of fact except that the damages imposed were reduced to $25,000. Respondent commenced a proceeding for review of the aforementioned determination, which this court dismissed as abandoned. Thereafter, petitioner commenced the instant proceeding seeking enforcement of the Commissioner's order.

Initially, we note that this court is obligated to review the record to determine whether petitioner's findings of fact are supported by substantial evidence even though respondent abandoned his previous proceeding before this court (see, Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326). In making that determination, this court may not substitute its judgment for that of the agency where conflicting evidence exists, because it is for the agency to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth, and we must uphold the determination so long as it is based on substantial evidence (see, State Div. of Human Rights v Rochester Prods. Div., 112 AD2d 785; see also, Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75). Applying these criteria, we find substantial evidence to support petitioner's determination and grant its petition for enforcement.

Initially, respondent claims that his son did not have authority to accept or reject the complainant's application and he is, therefore, not responsible for his son's actions. We

disagree. Executive Law § 296 (5) (a) makes discrimination by two classes of people unlawful. The first class includes an "owner", "managing agent" or "other person having the right to * * * rent or lease a housing accommodation" (Executive Law § 296 [5] [a]). The second class consists of "any agent" of a member of the first class. A review of the record as a whole and the inferences fairly drawn therefrom reveals that respondent placed an advertisement in a local newspaper advertising the apartment in question for rent and provided a telephone number for inquiries. Respondent had a telephone exchange service to accept inquiries about the apartment and authorized his son to check with the exchange service to ascertain if such inquiries had been made. Respondent provided his son with access to the apartment and authorized him to show it to prospective tenants. While respondent claims that he retained final authority to accept or reject a rental application, that fact, even if true, is not dispositive of this issue. Respondent, through his actions, clothed his son with the apparent authority to accept or reject the complainant's application and her reliance thereon was entirely reasonable (see, Hallock v State of New York, 64 NY2d 224). That being the case, respondent is legally responsible for the acts of his son in this matter (see, supra).

We are not persuaded by respondent's argument that petitioner's determination of discrimination is not supported by substantial evidence. The facts previously described support petitioner's conclusion that respondent discriminated against the complainant on the basis of race (see, Szpilzinger v New York State Div. of Human Rights, 160 AD2d 196, lv denied 76 NY2d 707).

Finally, respondent contends that petitioner's award of $25,000 to the complainant was improper. An award by petitioner will be considered improper where it is not reasonably related to the wrongdoing, is not supported by evidence before the Commissioner or does not compare with awards for similar injuries (see, Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219). The complainant testified that as a result of the discrimination against her she was distraught to the point where her work was affected, she suffered distress, lost sleep and was nauseated and sick to her stomach. The complainant's friend testified that the complainant appeared upset, cried and was angry. That evidence clearly establishes that the complainant endured mental anguish, accompanied by physical manifestations, which was a direct result of the discrimination. Accordingly, we find that

the award is reasonably related to the wrongdoing and is supported by substantial evidence before petitioner. The remaining question is whether the award is comparable with awards for similar injuries. In *Matter of Lutheran Social Servs. v State Div. of Human Rights* (74 NY2d 824), the Court of Appeals approved of a $25,000 award for mental anguish in a discrimination case and, in a case strikingly analogous to the one at bar, the First Department confirmed an award of $25,000 *(see, Szpilzinger v New York State Div. of Human Rights, supra).* Accordingly, we find the award here is comparable with awards for similar injuries.

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Adjudged that the petition is granted, with costs, and respondent is directed to pay the complainant $25,000, with interest from the date of the order of the Commissioner of Human Rights, within 30 days after service upon him of a copy of this court's decision.