■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of DEBORAH HUNT (SZABO), Respondent-Petitioner, v BELMONT FIRE COMPANY, Petitioner-Respondent. [637 NYS2d 565] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Substantial evidence supports the determination of the Commissioner of Human Rights that Belmont Fire Company (Fire Company) discriminated against complainant because of her sex in denying her application for admission. Complainant made out a prima facie case of discrimination by demonstrating that she is a woman, that she was denied admission to the Fire Company and that she was qualified to be a firefighter *(see, Ashker v International Bus. Machs. Corp.,* 168 AD2d 724, 725). The evidence further demonstrated that no woman had ever been a member of the Fire Company. The burden then shifted to the Fire Company to provide a legitimate nondiscriminatory reason for rejecting complainant's application *(see, Matter of Consolidated Edison Co. v New York State Div. of Human*

*Rights,* 77 NY2d 411, 418, *rearg denied* 78 NY2d 909; *Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 384; *Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 39-40; *Belanoff v Grayson,* 98 AD2d 353, 356). The Fire Company failed to provide any reason for its rejection of complainant's application, which was by secret ballot of the membership. Consequently, the Commissioner was entitled to draw the inference that the Fire Company rejected the application of complainant because she is a woman. A reviewing court should not substitute its judgment for that of the Commissioner "if [hers] is supported by substantial evidence" *(Matter of Consolidated Edison Co. v New York State Div. of Human Rights, supra,* at 417).

The Fire Company contends that lengthy administrative delay in resolving this matter requires dismissal of the complaint. The Fire Company failed to demonstrate "substantial actual prejudice attributable to the delay" *(Matter of Corning Glass Works v Ovansik,* 84 NY2d 619, 624); consequently, dismissal of the complaint is not required. Finally, we reject the Fire Company's argument that the award of damages in the amount of $10,000 is excessive *(see, Matter of Marcellus Volunteer Fire Dept. v Stock,* 155 AD2d 982). (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Allegany County, Francis, J.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.