■ In the Matter of STATE OF NEW YORK et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [727 NYS2d 499] —Cardona, P. J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Human Rights which, *inter alia,* found petitioners guilty of an unlawful discriminatory practice based on gender.

Respondent Marie Le Grand is a licensed practical nurse who, from June 1989 until approximately November 1989, was employed at petitioner Kingsboro Psychiatric Center in Brooklyn. In October 1989, Le Grand filed a complaint with respondent State Division of Human Rights (hereinafter the Division), charging Kingsboro with unlawful employment discrimination by virtue of alleged sexual harassment perpetrated by petitioner Stephen Ewaleifoh, Kingsboro's night nurse administrator. In February 1990, respondent Terry Jackson, a mental hygiene therapist assistant at Kingsboro, also filed a complaint with the Division alleging that Ewaleifoh sexually harassed her.

The two complaints were considered in a joint hearing in April 1997. Le Grand testified that Ewaleifoh, on four separate occasions, called her to his office and made extremely crude sexual comments. She further indicated that, at least on one of these occasions, he locked the door and touched her breasts. She also testified that the fourth time Ewaleifoh called her into his office he "put his hand under [her] clothes." After the last incident, Le Grand received a note directing her to meet with Ewaleifoh's supervisor. At that meeting, she was advised that she was going to be terminated due to her difficulties with Ewaleifoh. Le Grand never directly informed Kingsboro management about the harassment and testified that she was not allowed to give her version of events at the meeting. She stated that she waited four to six months before seeking new employment due to her feelings of anger, fear and depression caused by the harassment. Le Grand did not seek professional

help to deal with her symptoms. Jackson also testified in support of her complaint. She indicated that Ewaleifoh asked her out on several occasions and requested to "examine [her] body." In contrast, petitioners offered the testimony of, among others, Ewaleifoh, who unequivocally denied sexually harassing Le Grand or Jackson, stating, *inter alia*, that the only problems that he had with Le Grand were with her work performance and attitude. Petitioners also presented a witness who claimed to have heard Le Grand and Jackson conspire to fabricate charges of harassment.

In March 2000, the Commissioner of Human Rights rendered an order dismissing Jackson's complaint,* but holding that Le Grand had been discriminated against based on her gender. Le Grand was awarded $50,000 in compensatory damages for mental anguish and humiliation, as well as five months' back pay (less the amount of $4,737.60 mistakenly paid to her after her termination). In April 2000, petitioners commenced this proceeding seeking to annul the Commissioner's determination.

Upon review of this record, we conclude that substantial evidence supports the Commissioner's assessment of credibility and the inferences drawn from the evidence presented. Notably, the Commissioner specifically credited the testimony of Le Grand and found Ewaleifoh's testimony to be inconsistent and illogical. In addition, the Commissioner found petitioners' conspiracy claim to be "not credibly established." Although petitioners maintain that the Commissioner erred in crediting the testimony of Le Grand over petitioners' witnesses, this Court "may not substitute its judgment for that of the agency where conflicting evidence exists, because it is for the agency to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth" (*Matter of State Div. of Human Rights v Muia*, 176 AD2d 1142, 1143; *see*, *Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept.*, 71 NY2d 623). Thus, we find no reason to disturb the Commissioner's discrimination determination.

Next, petitioners allege that the $50,000 award for mental anguish and humiliation was excessive because the sole evidence presented on this issue was Le Grand's testimony. No objective medical evidence was offered at the hearing. "An award of compensatory damages must be based on pecuniary

---

* Although Jackson has submitted a brief challenging the dismissal of her complaint, we cannot consider her arguments inasmuch as she failed to challenge the determination by the filing of a notice of petition and petition in Supreme Court, as required by Executive Law § 298.

loss and emotional injuries actually suffered as a result of discrimination, and care must be taken to assure that the award is not punitive [citations omitted]" (*Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 241 AD2d 811, 812, *lv denied* 92 NY2d 807). Such an award "will be considered improper where it is not reasonably related to the wrongdoing, is not supported by evidence before the Commissioner or does not compare with awards for similar injuries" (*Matter of State Div. of Human Rights v Muia, supra*, at 1144). "[P]roof of mental anguish * * * may be established by the testimony of the complainant alone" (*Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 585, 586; *see, Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 225 AD2d 856, 859).

Based upon this record and, specifically, Le Grand's testimony in reference to the mental anguish and humiliation she suffered, we conclude that the award was reasonably related to the wrongdoing and supported by substantial evidence (*see, Matter of State Div. of Human Rights v Muia, supra*, at 1144). However, considering all of the circumstances, including "the absence of any proof of the severity and consequences of her condition" (*Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 637), we find that the evidence cannot support an award in excess of $20,000 (*see, id.*; *see also, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 241 AD2d 811, 812, *supra*; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 225 AD2d 856, 859, *supra*; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 585, 586, *supra*).

Finally, we are unpersuaded by petitioners' remaining contention that the award of back pay was not supported by substantial evidence inasmuch as Le Grand never submitted her tax returns during the hearing. Contrary to petitioners' argument, the Commissioner was free to credit Le Grand's testimony regarding the amount of time that she was out of work as a result of the sexual harassment, which testimony amounted to substantial evidence (*see, Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 631, *supra*; *Matter of State Div. of Human Rights v Muia, supra*, at 1143).

Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for mental anguish and humiliation from $50,000 to $20,000, and as so modified, confirmed.