■ NERISSA JOHNSON, Respondent, v LORD & TAYLOR, a Division of THE MAY DEPARTMENT STORES COMPANY, Appellant. (And a Third-Party Action.) [807 NYS2d 367]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered July 27, 2004, which, to the extent appealed, denied defendant-appellant Lord & Taylor's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The complaint alleged discriminatory denial of use of a public accommodation based upon Executive Law § 296 (2) (a). Allegedly, as plaintiff, an African-American woman, exited Lord & Taylor's Fifth Avenue store, a security sensor sounded, and when the security guard responded, he requested that plaintiff pass through the sensor a second time and made no similar request of a Caucasian woman who exited immediately before plaintiff and continued on her way. The sensor did not sound when plaintiff was scanned the second time and the security guard advised her that she was free to leave without searching her shopping bag or person.

The motion court erred in denying Lord & Taylor summary judgment. In response to Lord & Taylor's prima facie case that the momentary detention of plaintiff, by asking her to pass through the sensor a second time, had a legitimate, nondiscriminatory basis, i.e., the sensor's sounding (see General Business Law § 218), plaintiff offered only speculative, conclusory statements insufficient to raise a triable issue of material fact (see Scott v Citicorp Servs., 91 NY2d 823, 825 [1997]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). No competent record evidence indicated that Lord & Taylor's nondiscriminatory explanation of the incident was a pretext for racially disparate treatment, that plaintiff otherwise suffered racial discrimination or that the security guard even saw the Caucasian woman plaintiff described. If anything, the evidence suggests that Lord & Taylor's conduct towards plaintiff during the incident was

responsive and respectful. Hence, the issue of Lord & Taylor's liability for the actions of the employee of its independent contractor/security firm is academic *(see Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 304 [1985]). Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.