07-4027-cv
Green v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand and nine.

Present:     ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                      Circuit Judges,
             LORETTA A. PRESKA,[*]
                      District Judge.

             PRESKA, District Judge, dissenting.

_____

SUSAN ROSS GREEN, Executrix of the Estate of Walter Green, deceased,

                                        Plaintiff-Appellant,

        -v-                                        (07-4027-cv)

CITY OF NEW YORK and PAUL GIBLIN,

                                        Defendants-Appellees.

_____

[*] The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:        Elisa Barnes, Law Office of Elisa Barnes (Denise M. Dunleavy, Kramer & Dunleavy LLP, of counsel), New York, N.Y.

Appearing for Appellees:        Scott Shorr, Senior Counsel, (Ronald E. Sternberg and Mary O'Flynn, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appearing for Amicus
Curiae New York Lawyers
for the Public Interest:        Andrew L. Deutsch and John Vukelj, DLA Piper US LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Berman, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff-appellant Susan Ross Green, executrix of the Estate of Walter Green, appeals from a judgment of the district court in favor of defendant-appellee the City of New York ("City"). This Court had previously affirmed in part and reversed in part the district court's grant of summary judgment in favor of defendants. Green v. City of New York, 465 F.3d 65 (2d Cir. 2006) (Green I). A jury found that the City had violated Walter Green's rights under the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., and the New York State Human Rights Law, N.Y. Executive Law § 290, et seq., and awarded compensatory damages of $400,000. The district court granted the City's motion for judgment as a matter of law against the City pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or, in the alternative, for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure, or, in the alternative, indicated that it would have set aside the jury's damage award under Rule 59(e) of the Federal Rules of Civil Procedure. Green v. City of New York, No. 01 Civ. 1996, 2007 WL 2584752 (S.D.N.Y. Sept. 6, 2007) (Green II). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews a district court's grant of judgment as a matter of law under Rule 50(b) de novo. See, e.g., Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008). We have held that, under the law-of-the-case doctrine:

> [W]hen the court of appeals has remanded a case for trial after ruling that summary judgment in favor of a given party was inappropriate because the evidence indicated the existence of genuine issues of material fact to be resolved by the jury, the district court cannot properly, on remand, grant judgment as a matter of law to that party on the basis of trial evidence that is not substantially different.

2

Kerman v. City of New York, 374 F.3d 93, 110 (2d Cir. 2004). The only difference in the evidence at trial were new opinions stated by the City's medical expert, who was not present at the scene, about post-hoc medical justifications for the City's actions. This objective medical evidence does not speak to the subjective intent inquiry required by the ADA – whether the City denied Walter Green the right to access the City's services for refusing medical treatment based on discriminatory animus in the form of paternalistic stereotypes. See Green I, 465 F.3d at 78.[1] Viewing the evidence in the light most favorable to Green, drawing all reasonable inferences in his favor, and deferring to the jury's credibility determinations, it cannot be said that "there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the [City] is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." Brady, 531 F.3d at 133 (alterations and quotation marks omitted); see also Fabri v. United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004). Thus, we vacate the district court's decision insofar as it sets aside the jury's verdict under Rule 50(b).

In the alternative, the district court granted the City's motion for a new trial under Rule 59(a). We review this ruling for abuse of discretion. Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003). It is well-established that in deciding a motion for a new trial, the district court is permitted to "examine the evidence through its own eyes." Meloff v. New York Life Ins. Co., 240 F.3d 138, 147 (2d Cir. 2001). Indeed, the district court can grant such a motion "'even if there is substantial evidence supporting the jury's verdict.'" Manley, 337 F.3d at 244 (citations omitted). We nevertheless will reverse a district court's grant of a new trial under Rule 59(a) when "(1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." Id. (quotation marks omitted). We conclude that the district court's decision to grant defendants' Rule 59(a) motion rests on the same legal errors underlying its grant of the Rule 50(b) motion and is inconsistent with this Court's decision in Green I. We also conclude that the district court's substitution of its own judgments for that of the jury's "cannot be located within the range of permissible decisions." Id.

Finally, the district court ruled that "the award of $400,000 in compensatory damages 'shock[s] the judicial conscience' and deviates 'materially from what would be reasonable compensation,'" but did not recommend either a new damages trial or remittitur because it found that the City had no liability. Green II, 2007 WL 2584752, at *13 (citations omitted) (alteration in original). The district court also concluded that "[a]ssuming, arguendo, the Court were to grant a remittitur, only nominal damages would be appropriate." Id. at *13 n.19. "We review the district court's ruling on a motion to amend the judgment under Rule 59(e) for abuse of discretion." Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008).

---

[1] As we held in Green I, "defendants admit that Walter was a qualified individual" for purposes of the "city's system for evaluating refusals to accept medical assistance." 465 F.3d at 76 (emphasis added).

3

In assessing whether a particular award is excessive under either federal or New York law, courts normally look to "other cases involving similar injuries, while bearing in mind that any given judgment depends on a unique set of facts and circumstances." Nairn v. Nat'l R.R. Passenger Corp., 837 F.2d 565, 568 (2d Cir. 1988); Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 78 (2d Cir. 2004) ("New York law provides that jury verdicts may be set aside and new trials ordered where the jury's award 'deviates materially from what would be reasonable compensation.'" (quoting N.Y.C.P.L.R. Section 5501(c))), vacated on other grounds by KAPL, Inc. v. Meachum, 544 U.S. 957 (2005).

None of the cases offered by plaintiff, all but one of which concern lesser damage awards, is even remotely comparable to this one. See DiSorbo v. Hov, 343 F.3d 172, 175-76 (2d Cir. 2003) (an excessive force case involving "disturbing allegations of police brutality" in which the court reduced $400,000 compensatory damages award to $250,000 and remitted for a new trial on punitive damages); Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997) (affirming compensatory damage award of $250,000 where evidence supported finding that defendant sexually abused plaintiff); Ismail v. Cohen, 899 F.2d 183 (2d Cir. 1990) (district court erred in issuing remittitur of $650,000 compensatory damage award where defendant knocked plaintiff unconscious, cracked his rib, crushed two of his vertebrae, put a gun to his head, and threatened to kill him); Broome v. Biondi, 17 F. Supp. 2d 211 (S.D.N.Y. 1997) (upholding awards of $114,000 to two plaintiffs for willful and malicious conduct that also supported a $410,000 punitive damages award).

All of these cases involved particularly egregious acts ranging from sexual assault to brutal beatings that distinguish them from the instant case, in which the jury unequivocally found that the defendants did not assault or commit a battery against Mr. Green. Instead, the discriminatory behavior at issue lasted minutes at most, and given Mr. Green's condition, cannot reasonably be called "severe." In the district court's estimation, to which deference is due, the evidence of Mr. Green's physical and emotional injuries stemming from the incident was tenuous at best. With regard to the former, Dr. Carrano testified that when she first treated the back sores, ten months after Mr. Green's hospitalization, the Green family told her that the sores were only six months old. Green II, 2007 WL 2584752, at *11. Plaintiff's pictures of the sores were undated, and hospital records indicate no signs of bruising on Mr. Green's skin even though his skin was checked twice each day of his stay. Id. With regard to Mr. Green's emotional injuries, plaintiff introduced no medical evidence of the magnitude or duration of Mr. Green's psychological distress. See State v. State Div. of Human Rights, 284 A.D.2d 882, 883 (3d Dep't 2001) (reducing award for mental anguish caused by sexual harassment from $50,000 to $20,000 where "[n]o objective medical evidence was offered" to corroborate plaintiff's testimony). Accordingly, we agree with the district court's suggestion that the jury award of $400,000 in compensatory damages was excessive.

However, insofar as the district court's ruling on defendants' Rule 59(e) motion was based on the premise that the City had no liability, or that only nominal damages would be appropriate, that ruling was an abuse of discretion.[2] We therefore remand to the district court for further proceedings

---

[2] The district court's suggestion that only nominal damages would be appropriate is untenable because, with respect the the HRL claim, the Court of Appeals has held that compensable

4

on damages consistent with this order.  See Meachem v. Knolls Atomic Power Lab., 381 F.3d 56, 78 (2d Cir. 2004) (collecting cases and affirming mental anguish damages award of $125,000), vacated on other grounds by KAPL, Inc. v. Meachem, 544 U.S. 957 (2005); Rainone v. Potter, 388 F. Supp. 2d 120, 122-24 (E.D.N.Y. 2005) (discussing spectrum of damages awards appropriate to compensate for mental anguish).

Accordingly, with great respect for the able district judge, the judgment of the district court is hereby VACATED and REMANDED for further proceedings on damages consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

PRESKA, District Judge, dissenting:

While I agree that the district court erred in granting judgment as a matter of law, I would affirm its grant of a new trial under Rule 59(a) because, unlike the majority, I do not believe that Green I should be read effectively to preclude the district court's evaluation of the evidence based on its personal observation of the relevant testimony.  See Green II at * 12-13.  I therefore respectfully dissent as to the majority's ruling regarding the City's motion for a new trial under Rule 59(a).

---

emotional injury may be proved by plaintiff's own testimony.  New York City Transit Auth. v. State Div. of Human Rights, 78 N.Y.2d 207, 216 (N.Y. 1991).