■ In the Matter of WAL-MART STORES EAST, L.P., Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Petitioner. [897 NYS2d 348]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [John C. Cherundolo, A.J.], entered September 21, 2009) to annul a determination of respondent-petitioner. The determination, inter alia, found that petitioner-respondent condoned acts of discrimination by its employee against a customer.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioner-respondent is directed to pay Jackie D. Scipio, also known as Jacqueline D. Scipio, the sum of $7,000 for mental anguish and humiliation, with interest at the rate of 9% per annum, commencing May 22, 2009.

Memorandum: Petitioner-respondent (petitioner) commenced this CPLR article 78 proceeding seeking to annul the determination of respondent-petitioner, New York State Division of Human Rights (hereafter, SDHR), adopting the order of the Administrative Law Judge (ALJ). The ALJ found, inter alia, that petitioner condoned acts of discrimination by its employee

against a customer and awarded compensatory damages for the customer's mental anguish and humiliation. We reject the contention of petitioner that the determination is not supported by substantial evidence.

It is well settled "that we may not substitute our own judgment for that of [SDHR], and we thus must confirm the determination where, as here, it is supported by substantial evidence . . . Inasmuch as there is 'a rational basis for the . . . determination, the judicial function is exhausted' " (*Matter of Mohawk Val. Orthopedics, LLP v Carcone*, 66 AD3d 1350, 1351 [2009]). The record establishes that an employee of petitioner requested to check the backpack of the customer in question, an African-American woman, but he did not make similar requests of Caucasian customers. Further, there is substantial evidence, including the store's surveillance videos, establishing that the employee stopped greeting customers and asked the customer for a receipt when she left the store but that he did not ask Caucasian customers for receipts. We thus conclude that substantial evidence supports SDHR's determination that the customer met her burden of demonstrating unlawful discrimination by the employee (*see Drayton v Toys 'R' Us Inc.*, 645 F Supp 2d 149, 159 [SD NY 2009]; *see generally* Executive Law § 296 [2] [a]; *Matter of North Shore Univ. Hosp. v Rosa*, 86 NY2d 413, 419-420 [1995]; *Matter of New York State Div. of Human Rights v Belmont Fire Co.*, 224 AD2d 954 [1996]; *cf. Johnson v Lord & Taylor*, 25 AD3d 435 [2006]).

Petitioner further contends that the determination is contrary to law because it cannot be held liable for acts of discrimination by its employee. We reject that contention. Although petitioner is correct that an "employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it" (*Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985], *rearg denied* 65 NY2d 1054 [1985]), "[a]n employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]). Contrary to the contention of petitioner, there is substantial evidence in the record establishing that it condoned its employee's actions by failing to discipline the employee (*cf. Totem Taxi*, 65 NY2d at 305-306).

We have considered petitioner's remaining contention and conclude that it is without merit. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.