Matter of El Agave Mexican Grill, Inc. v New York State Div. of Human Rights (2021 NY Slip Op 01651)





Matter of El Agave Mexican Grill, Inc. v New York State Div. of Human Rights


2021 NY Slip Op 01651


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


958 TP 19-00574

[*1]IN THE MATTER OF EL AGAVE MEXICAN GRILL, INC., DOING BUSINESS AS AGAVE MEXICAN GRILL AND ALFREDO RAMIREZ, OWNER, PETITIONERS-RESPONDENTS,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, ON BEHALF OF AMY LYNN GAGLIANO, RESPONDENT-PETITIONER, AND AMY LYNN GAGLIANO, RESPONDENT. 






LELAND T. WILLIAMS, ROCHESTER, FOR PETITIONER-RESPONDENT ALFREDO RAMIREZ. 
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR RESPONDENT-PETITIONER. 


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Debra A. Martin, A.J.], entered June 27, 2017) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination found that petitioners-respondents unlawfully discriminated against respondent Amy Lynn Gagliano. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioners-respondents are directed to pay respondent Amy Lynn Gagliano the sum of $9,543.31 for lost wages with interest at the rate of 9% per annum commencing October 14, 2013, and $2,500 for mental anguish with interest at the rate of 9% per annum commencing March 29, 2016, and to pay the Comptroller of the State of New York the sum of $5,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing March 29, 2016.
Memorandum: Petitioners-respondents (petitioners) commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78 seeking to annul the determination of respondent-petitioner, New York State Division of Human Rights (SDHR), that petitioners unlawfully discriminated against respondent Amy Lynn Gagliano (complainant) by constructively discharging her from her employment as a waitress at petitioners' restaurant based on complainant's pregnancy. SDHR awarded complainant $9,543.31 for lost wages and $2,500 in compensatory damages for emotional distress and mental anguish and imposed a civil penalty of $5,000 against petitioners. SDHR filed a cross petition seeking to confirm and enforce the determination.
We conclude that SDHR's determination, which adopted the findings of the Administrative Law Judge (ALJ), is supported by substantial evidence that petitioners discriminated against complainant based on her pregnancy (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1656 [4th Dept 2018]; see also Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 330 [2003]). The ALJ credited the testimony of complainant, who stated that the individual petitioner told her that she would not remain on the shift schedule of the restaurant because of her pregnancy. Although the individual petitioner told complainant that the removal decision had been made by a newly-hired manager, the individual petitioner admitted during his hearing testimony that he and another waitress were responsible for scheduling decisions and that the [*2]alleged newly-hired manager was merely a substitute waiter who had worked for the restaurant for only four or five weeks. We see no reason to disturb the ALJ's resolution of the credibility issues before him (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Stellar Dental Mgt. LLC, 162 AD3d at 1657).
Contrary to petitioners' contention, the individual petitioner may be held liable for the discrimination inasmuch as he is the sole owner of the corporate petitioner and was a perpetrator of the discrimination against complainant (see Matter of West Taghkanic Diner II, Inc. v New York State Div. of Human Rights, 105 AD3d 1106, 1109 [3d Dept 2013]; Matter of New York State Div. of Human Rights v Nancy Potenza Design & Bldg. Servs., Inc., 87 AD3d 1365, 1365-1366 [4th Dept 2011]; see also Patrowich v Chemical Bank, 63 NY2d 541, 542 [1984]).
Contrary to petitioners' further contention, the monetary awards and civil penalty are proper. The award for lost wages is reasonably related to the discriminatory conduct and is supported by the evidence (see Matter of New York State Div. of Human Rights v Independent Auto Appraisers, Inc., 78 AD3d 1541, 1542 [4th Dept 2010]; see also Nancy Potenza Design & Bldg. Servs., Inc., 87 AD3d at 1366). The award for emotional distress and mental anguish is supported by substantial evidence in the form of complainant's testimony, is reasonably related to the wrongdoing, and is comparable to awards in similar cases (see Matter of KT's Junc., Inc. v New York State Div. of Human Rights, 74 AD3d 1910, 1911 [4th Dept 2010]; Matter of Young Fu Hsu v New York State Div. of Human Rights, 241 AD2d 913, 913 [4th Dept 1997]; see also Stellar Dental Mgt. LLC, 162 AD3d at 1658). Furthermore, we conclude that the civil penalty does not constitute an abuse of discretion, particularly in light of petitioners' constructive discharge of the pregnant complainant, which thrust her into a state of emotional and financial distress (see Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014]; see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]).
We have examined petitioners' remaining contentions and conclude
that they do not require a different result.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court