Matter of New York State Div. of Human Rights v Hawk (2021 NY Slip Op 03687)





Matter of New York State Div. of Human Rights v Hawk


2021 NY Slip Op 03687


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


174 TP 20-01205

[*1]IN THE MATTER OF NEW YORK STATE DIVISION OF HUMAN RIGHTS, PETITIONER,
v
RONALD E. HAWK, BIG MONEY JIM, INC., DOING BUSINESS AS CHAFFEE FLATTS BAR AND GRILL AND CAROL POUST, RESPONDENTS.






CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR PETITIONER.


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Catherine R. Nugent Panepinto, J.], entered September 3, 2020) seeking judicial review and enforcement of petitioner's notice and final order, issued on May 6, 2015, and amended notice and final order, issued on March 17, 2017. 
It is hereby ORDERED that the determinations are unanimously confirmed without costs, the petition is granted, and respondents Ronald E. Hawk and Big Money Jim, Inc., doing business as Chaffee Flatts Bar and Grill are directed to pay respondent Carol Poust the sum of $10,000 as compensatory damages with interest at the rate of 9% per annum commencing May 6, 2015, and to pay the Comptroller of the State of New York the sum of $3,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing May 6, 2015.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking enforcement of orders of its Commissioner that, inter alia, found respondents Ronald E. Hawk and Big Money Jim, Inc., doing business as Chaffee Flatts Bar and Grill (Chaffee Flatts) liable to respondent Carol Poust (complainant) for sexual harassment and age-based discrimination. After a fact finding hearing, the Administrative Law Judge (ALJ) awarded complainant $10,000 in compensatory damages for mental anguish and humiliation and imposed a $3,000 civil penalty based on claims of a hostile work environment and constructive discharge of complainant's employment. Petitioner adopted the recommended findings of fact, opinion, decision and order of the ALJ.
Initially, with respect to the merits of the enforcement petition, neither Hawk nor Chaffee Flatts answered the petition. Nonetheless, "[a]n enforcement proceeding initiated by [petitioner] raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" even where that petition is unopposed (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899 [2d Dept 2018] [internal quotation marks omitted]; see Matter of New York State Div. of Human Rights v Waldorf Niagara, Inc., 181 AD3d 1281, 1282 [4th Dept 2020]). Applying that standard, we conclude that petitioner's determinations are supported by substantial evidence inasmuch as the administrative record contains "relevant proof as a reasonable mind may accept as adequate to support" the relevant conclusions and factual findings (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Here, even though the record contains some conflicting evidence "and room for choice exists[,] there is a rational basis for the determination and thus the judicial function is exhausted" (Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1565 [4th Dept 2014] [internal quotation marks omitted]; see generally Matter of AMG Managing Partners, LLC v New York State Div. of Human Rights, 148 AD3d 1765, 1767 [4th Dept 2017]).
We further conclude that Hawk, as owner and president of Chaffee Flatts, and the person who committed the complained-of sexual harassment and age-based discrimination, may be held individually liable for the discriminatory actions that damaged complainant (see Matter of New York State Div. of Human Rights v Nancy Potenza Design & Bldg. Servs., Inc., 87 AD3d 1365, 1365-1366 [4th Dept 2011]; see generally Patrowich v Chemical Bank, 63 NY2d 541, 542 [1984]; Matter of New York State Div. of Human Rights v ABS Elecs. Inc., 102 AD3d 967, 969 [2d Dept 2013], lv denied 24 NY3d 901 [2014]). Furthermore, Chaffee Flatts may be held liable for Hawk's conduct because he was " 'within the class of an employer organization's officials who may be treated as the organization's proxy' " (Matter of Winkler v New York State Div. of Human Rights, 59 AD3d 1055, 1056 [4th Dept 2009], lv denied 13 NY3d 717 [2010]), and because it knew of Hawk's conduct yet did nothing to ameliorate or otherwise correct the situation (see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, 221 AD2d 44, 53-55 [4th Dept 1996], lv denied 89 NY2d 809 [1997]).
We also conclude that the amount of the award for mental anguish and humiliation is "reasonably related to the wrongdoing, . . . is supported by substantial evidence, and . . . is comparable to awards in similar cases" and therefore should be confirmed (Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1658 [4th Dept 2018]; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 218-219 [1991]; Nancy Potenza Design Bldg. Servs., Inc., 87 AD3d at 1366; Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights, 265 AD2d 809, 809 [4th Dept 1999]).
We agree with petitioner that the civil penalty of $3,000 is not excessive. "Judicial review of an administrative penalty is limited to whether the measure or mode of penalty . . . constitutes an abuse of discretion as a matter of law . . . . [A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see County of Erie, 121 AD3d at 1566). Here, the penalty imposed is not an abuse of discretion as a matter of law.
Finally, because the unopposed petition for enforcement demonstrates that Hawk and Chaffee Flatts have failed to comply with the orders, enforcement is granted (see generally Executive Law § 298; Waldorf Niagara, Inc., 181 AD3d at 1282-1283).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court