Matter of Miller v New York State Div. of Human Rights (2022 NY Slip Op 06613)

Matter of Miller v New York State Div. of Human Rights

2022 NY Slip Op 06613

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

889 TP 22-00512

[*1]IN THE MATTER OF WILLIAM I. MILLER AND BLIND FAITH W-C, INC., PETITIONERS-RESPONDENTS,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, RESPONDENT-PETITIONER, AND DEIRDRE CHESSON, RESPONDENT. 

CAROLINE J. DOWNEY, GENERAL COUNSEL, STATE DIVISION OF HUMAN RIGHTS, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR RESPONDENT-PETITIONER. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Henry J. Nowak, J.], entered October 13, 2021) to enforce a determination of the New York State Division of Human Rights. The determination, among other things, found petitioners in violation of the Human Rights Law. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the cross petition is granted, and petitioners-respondents are directed to pay respondent Deirdre Chesson the sum of $7,000 as compensatory damages with interest at the rate of 9% per annum commencing March 29, 2021, and to pay the Comptroller of the State of New York the sum of $3,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing March 29, 2021.
Memorandum: Respondent-petitioner New York State Division of Human Rights (SDHR), as relevant to this proceeding, filed a cross petition pursuant to Executive Law § 298 seeking to enforce the final order of its Commissioner, which in turn substantially adopted the "recommended findings of fact, opinion and decision, and order" of an Administrative Law Judge (ALJ). The ALJ concluded, following a public hearing, that petitioners-respondents (petitioners) had engaged in an unlawful racial discriminatory practice relating to a public accommodation and awarded respondent Deirdre Chesson $7,000 in compensatory damages for mental anguish and humiliation, and imposed a $3,000 civil fine and penalty on petitioners.
We conclude that the determination of the Commissioner is supported by substantial evidence (see Matter of Wal-Mart Stores E., L.P. v New York State Div. of Human Rights, 71 AD3d 1452, 1453 [4th Dept 2010]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-181 [1978]). We further conclude that the award of compensatory damages to Chesson is "reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries" (Matter of State Div. of Human Rights v Lucky Joy Rest., Inc., 131 AD3d 536, 538 [2d Dept 2015]; see Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 775 [2d Dept 2011]; see e.g. Wal-Mart Stores E., L.P., 71 AD3d at 1452), and that SDHR properly imposed the civil fine and penalty upon its determination that petitioners "committed an unlawful discriminatory act" (Executive Law § 297 [4] [c] [vi]; see generally Matter of New York State Div. of Human Rights v Hawk, 195 AD3d 1395, 1397-1398 [4th Dept 2021]). Finally, because the unopposed cross petition for enforcement demonstrates that petitioners have failed to comply with the order, enforcement is granted (see generally Executive Law § 298). 
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court