Matter of Sortie Marble & Granite, Inc. v Imperial (2023 NY Slip Op 06650)

Matter of Sortie Marble & Granite, Inc. v Imperial

2023 NY Slip Op 06650

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

924 TP 22-01769

[*1]IN THE MATTER OF SORTIE MARBLE & GRANITE, INC., AND FRANK ADDEO, RESPONDENTS,
v
MARIA L. IMPERIAL, ACTING COMMISSIONER OF DIVISION OF HUMAN RIGHTS, PETITIONER, AND HENRY LEE BOLDEN, RESPONDENT. 

CAROLINE J. DOWNEY, GENERAL COUNSEL, STATE DIVISION OF HUMAN RIGHTS, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR PETITIONER.
DAVID W. POLAK, WEST SENECA, FOR RESPONDENTS SORTIE MARBLE & GRANITE, INC. AND FRANK ADDEO. 
LAW OFFICE OF LINDY KORN, BUFFALO (LINDY KORN OF COUNSEL), FOR RESPONDENT HENRY LEE BOLDEN. 

 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Catherine R. Nugent Panepinto, J.], entered August 2, 2022) to confirm a determination of the New York State Division of Human Rights. The determination awarded respondent Henry Lee Bolden lost wages and compensatory damages and imposed a civil fine and penalty on respondents Sortie Marble & Granite, Inc. and Frank Addeo. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the cross-petition is granted, and respondents Sortie Marble & Granite, Inc. and Frank Addeo are directed to pay respondent Henry Lee Bolden the sum of $2,080 for lost wages with interest at the rate of 9% per annum commencing December 1, 2019, and $20,000 for mental anguish with interest at the rate of 9% per annum commencing January 25, 2022, and to pay the Comptroller of the State of New York the sum of $30,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing January 25, 2022.
Memorandum: Petitioner, as relevant to this proceeding, filed a cross-petition pursuant to Executive Law § 298 seeking to enforce her final order, which in turn adopted the "recommended findings of fact, opinion and decision, and order" of an Administrative Law Judge (ALJ). The ALJ concluded, following a public hearing, that respondents Sortie Marble & Granite, Inc. and Frank Addeo (respondents) had engaged in unlawful discriminatory practices against respondent Henry Lee Bolden (complainant) by subjecting him to a hostile work environment on account of his race, retaliating against him, and constructively discharging him from employment. The ALJ awarded complainant $2,080 for lost wages and $20,000 in compensatory damages for mental anguish and humiliation, and imposed a $30,000 civil fine and penalty on respondents.
We conclude that the determination of petitioner that respondents engaged in unlawful discriminatory practices is supported by substantial evidence (see Matter of Miller v New York State Div. of Human Rights, 210 AD3d 1526, 1527 [4th Dept 2022]; Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1656-1657 [4th Dept 2018]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-181 [1978]). Further, we agree with petitioner that Addeo "may be held liable for the discrimination inasmuch as he is the sole owner of the corporate [respondent] and was a perpetrator of the discrimination against complainant" (Matter of El Agave Mexican Grill, Inc. v New York State [*2]Div. of Human Rights, 192 AD3d 1565, 1566 [4th Dept 2021]).
With respect to the monetary awards, we conclude that the award for lost wages is reasonably related to the discriminatory conduct and is supported by substantial evidence (see id. at 1567) and that the award of compensatory damages to complainant is " 'reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries' " (Miller, 210 AD3d at 1527; see Matter of Gold Coast Rest. Corp. v Gibson, 67 AD3d 798, 800 [2d Dept 2009]). We also conclude that petitioner did not abuse her discretion as a matter of law in imposing the civil fine and penalty (see Stellar Dental Mgt. LLC, 162 AD3d at 1658; see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]).
Finally, we note that Supreme Court, in transferring the proceeding to us, erred insofar as it purported to "stay," i.e., toll, the accrual of statutory interest pending resolution of the proceeding. Such "interest is not a penalty, and instead represents the cost of having the use of another person's money for a specified period" (Matter of Rochester Inst. of Tech. v New York State Div. of Human Rights, 169 AD3d 1421, 1423 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 27 [2002]). Thus, respondents, " 'who ha[ve] actually had the use of the money, ha[ve] presumably used the money to [their] benefit and, consequently, ha[ve] realized some profit, tangible or otherwise, from having it in hand' " (Aurecchione, 98 NY2d at 27, quoting Love v State of New York, 78 NY2d 540, 545 [1991]; see Rochester Inst. of Tech., 169 AD3d at 1423). We therefore conclude that statutory interest on the monetary awards and civil fine and penalty shall accrue as provided in the determination (see Rochester Inst. of Tech., 169 AD3d at 1423).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court