Matter of ABD Engrs. LLP v New York State Div. of Human Rights (2024 NY Slip Op 01229)

Matter of ABD Engrs. LLP v New York State Div. of Human Rights

2024 NY Slip Op 01229

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-23-0381
[*1]In the Matter of ABD Engineers LLP et al., Petitioners,
v
New York State Division of Human Rights et al., Respondents. (And Two Other Related Proceedings.)

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Slevin & Associates PLLC, Albany (Kathleen McCaffrey Baynes of counsel), for petitioners.
Caroline J. Downey, New York State Division of Human Rights, Bronx (Toni Ann Hollifield of counsel), for New York State Division of Human Rights, respondent.
Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for Jessica Snickles, respondent.

Aarons, J.
Proceedings pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to, among other things, review a determination of the Commissioner of the State Division of Human Rights finding petitioners guilty of an unlawful discriminatory practice based on familial status, disability and gender.
Petitioners Luigi Palleschi and Joseph Bianchine are partners of petitioner ABD Engineers LLP (hereinafter ABD). In March 2017, ABD hired respondent Jessica Snickles for the position of administrative assistant and receptionist. In May 2018, Snickles advised respondent Gia Nealon, ABD's office manager, that she was pregnant. Snickles ceased working for ABD in June 2018 and, in August 2019, she filed a complaint with respondent State Division of Human Rights (hereinafter SDHR). Snickles claimed that petitioners and Nealon unlawfully discriminated against her based upon her known disabilities and/or pregnancy-related conditions. Following a public hearing, an Administrative Law Judge dismissed the complaint in its entirety. The Commissioner of Human Rights upheld the dismissal of the complaint insofar as asserted against Nealon but sustained the complaint insofar as asserted against petitioners. In this regard, SDHR found that petitioners discriminated against Snickles based upon her familial status, gender and disability by failing to provide her reasonable accommodations and concluded that Snickles was constructively discharged from her employment. SDHR imposed a civil fine against petitioners and awarded Snickles monetary damages for mental anguish, humiliation and lost wages. SDHR also awarded Snickles counsel fees. Petitioners thereafter commenced the first of these proceedings pursuant to Executive Law § 298 seeking annulment of SDHR's determination. SDHR and Snickles separately cross-petitioned for, among other things, enforcement of SDHR's determination. Supreme Court transferred the proceedings to this Court.
Petitioners challenge SDHR's finding that they constructively discharged Snickles. They first argue that Snickles never alleged or proceeded with a theory of constructive discharge and, therefore, their due process rights were violated because they could not adequately defend against a claim of which they had no notice. "[I]n the administrative forum, the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against [it] and to allow for the preparation of an adequate defense" (Matter of Block v Ambach, 73 NY2d 323, 333 [1989] [internal citation omitted]). Although the complaint may not have explicitly alleged that Snickles was constructively discharged, it did apprise petitioners that they took adverse action against her in the form of her termination of employment (see Matter of Langhorne v Jackson, 213 AD2d 909, 910 [3d Dept 1995]). The complaint likewise noted that ABD denied Snickles [*2]an accommodation, and the circumstances leading to her discharge, whether active or constructive, were explored during the hearing. In view of the foregoing, petitioners' due process rights were not violated.
"Constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation" (Morris v Schroder Capital Mgt. Intl., 7 NY3d 616, 621 [2006] [internal quotation marks and citation omitted]; see Long v Aerotek, Inc., 202 AD3d 1216, 1219 [3d Dept 2022]). Under certain circumstances, the denial of an accommodation can support the finding that working conditions became so intolerable to a reasonable person so as to lead that person to involuntarily resign (see Talley v Family Dollar Stores of Ohio, Inc., 542 F3d 1099, 1109 [6th Cir 2008]). That said, "[c]ourts may not weigh the evidence or reject [SDHR's] determination where the evidence is conflicting and room for choice exists" (Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]; see Matter of Gifford v McCarthy, 137 AD3d 30, 36 [3d Dept 2016]). In view of SDHR's expertise in assessing discrimination claims, SDHR's determinations are entitled to deference (see Matter of Harrison v Chestnut Donuts, Inc., 60 AD3d 1130, 1131 [3d Dept 2009]).
Although the record discloses conflicting evidence as to how Snickles was terminated from her employment, SDHR's determination is supported by substantial evidence. In its factual findings, SDHR ultimately credited the testimony that petitioners would no longer be accommodating the reduced work schedule for Snickles and that they asked her to sign forms related to leave status. Given that no basis exists to upset SDHR's resolution of credibility, its determination will not be disturbed (see Matter of El Agave Mexican Grill, Inc. v New York State Div. of Human Rights, 192 AD3d 1565, 1566 [4th Dept 2021]).
Lastly, as to damages, SDHR awarded Snickles $20,000 for mental anguish and humiliation and $45,280 in lost wages. SDHR also imposed a $10,000 civil fine against petitioners and awarded Snickles counsel fees in the amount of $38,548.62. Because SDHR's award for mental anguish and humiliation was reasonably related to the wrongdoing, was supported by substantial evidence and is similar to other awards, it will not be disturbed (see Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1658 [4th Dept 2018]; Matter of West Taghkanic Diner II, Inc. v New York State Div. of Human Rights, 105 AD3d 1106, 1108 [3d Dept 2013]; Matter of State of New York v New York State Div. of Human Rights, 284 AD2d 882, 884 [3d Dept 2001]; see generally Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219 [1991]).Additionally, no basis exists to disturb the civil fine (see Matter of Gifford v McCarthy, 137 AD3d 30, 42-43 [3d Dept 2016]), the award for lost wages (see Matter [*3]of New York State Div. of Human Rights v A.R. Heflin Painting Contr., Inc., 101 AD3d 1442, 1445-1446 [3d Dept 2012]; Matter of State of New York v New York State Div. of Human Rights, 284 AD2d at 884) or counsel fees (see Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 775 [2d Dept 2011]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, petition dismissed and cross-petitions granted.